FILED

MAY 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MILTON PRICE,<br>FCI Petersburg Medium<br>Federal Correctional Institution<br>P.O. Box. 90043<br>Petersburg, VA 23804<br><br>        Plaintiff,<br><br>        v.<br><br>DISTRICT OF COLUMBIA,<br>    SERVE:   Linda Singer, Attorney General<br>                Office of Corporation Counsel<br>                441 4th Street, N.W.<br>                Suite 6000<br>                Washington, DC 20001<br><br>                The Honorable Mayor Adrian Fenty<br>                Office of the Secretary<br>                1350 Pennsylvania Ave., N.W.<br>                Suite 419<br>                Washington, DC 20004<br><br>and<br><br>DEVON BROWN<br>Department of Corrections<br>1923 Vermont Ave., NW<br>Washington, D.C. 20001<br>In his official capacity<br><br>ROBERT CLAY, FORMER ACTING WARDEN<br>In his official capacity<br>    SERVE:   Carol Burroughs, Assistant Attorney General<br>                1923 Vermont Ave., NW<br>                Washington, D.C. 20001<br><br>SERGEANT BERNARD HALL<br>Central Detention Facility<br>1901 D Street, S.E.<br>Washington, D.C. 20003<br>In his individual and official capacity | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:07-cv-00884
Assigned To : Walton, Reggie B.
Assign. Date : 5/10/2007
Description: General Civil

| | |
|---|---|
| CORRECTIONAL OFFICER AUSTIN WHITBY, JR. <br> Central Detention Facility <br> 1901 D Street, S.E. <br> Washington, D.C. 20003 <br> In his individual and official capacity <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

### Preliminary Statement

1. Plaintiff, Milton Price at all times relevant to the complaint was in custody at the Central Detention Facility ("D.C. Jail"), brings this action against the District of Columbia ("the District"); Devon Brown, Director of the Department of Corrections ("DCDC"); Robert Clay, Warden of the D.C. Jail; Sergeant Hall; and Correctional Officer Whitby in their individual and official capacities, (collectively, "Defendants") for monetary damages to redress his injuries resulting from defendants' common law negligence and the constitutional violations of Plaintiff's rights. Mr. Price brings this action under the Eighth Amendment of the United States Constitution and the Civil Rights Act of 1871, as codified at 42 U.S.C. § 1983, and brings negligence claims under District of Columbia common law.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the federal law claims pursuant to 28 USC § 1331 and 28 USC §§ 1343(a)(3) and (a)(4).

3. This Court has supplemental jurisdiction over District of Columbia law claims pursuant to 28 USC § 1367.

4. The District of Columbia was given proper notice of Mr. Price's claims under D.C. Code § 12-309, by letter received on December 18, 2006.

## Parties

5.     Plaintiff Milton Price is an individual resident of the District of Columbia, incarcerated under District of Columbia law. At all times relevant to this complaint, Mr. Price was an inmate at the D.C. Jail located at 1901 E Street, S.E., Washington, D.C. 20003. Mr. Price was subject to the care, custody and control of agents of the District of Columbia.

6.     Defendant District of Columbia is a municipal corporation that acts through its agents to establish its policies and is subject to suit under D.C. Code § 1-102. The District of Columbia ("the District"), by and through its agents, is responsible for supervision and operation of the District of Columbia Department of Corrections ("DCDC") and ensuring the health and safety of all inmates incarcerated in DCDC facilities, including the D.C. Jail. The District, through its agents, is also responsible for monitoring the facilities which are responsible for the care and custody of prisoners committed to the custody of the DCDC. The District is responsible for and has a duty to establish policies and procedures for the DCDC and for the training, supervision and discipline of Department staff.

7.     Defendant Brown was employed by the District as the Director of the DCDC at all times relevant to this complaint. Defendant Brown is an agent of the DCDC by virtue of his employment. As Director, he was responsible for the care and custody of prisoners committed to the custody of the DCDC housed at the D.C. Jail, and has a duty to provide them with reasonable care. He was also responsible for and had a duty to establish policies and procedures for the D.C. Jail and oversight of the training, supervision and discipline of D.C. Jail staff. At all times relevant to this complaint, Defendant Brown was acting under color of state law and within the scope of his employment.

8. Defendant Clay was employed by the DCDC as the acting warden at the D.C. Jail at all times relevant to this complaint. Defendant Clay is an agent of the DCDC by virtue of his employment. As Warden, he was responsible for the care and custody of prisoners committed to the custody of the DCDC housed at the D.C. Jail, and has a duty to provide them with reasonable care. He was also responsible for and had a duty to establish policies and procedures for the D.C. Jail and oversight of the training, supervision and discipline of D.C. Jail staff. At all times relevant to this complaint, Defendant Clay was acting under color of state law and within the scope of his employment.

9. Defendant Hall is a Sergeant employed by the DCDC. Defendant Hall is an agent of the DCDC by virtue of his employment. As such, he was charged with the security of inmates housed within the North One Housing Unit at the D.C. Jail. At all times relevant to this complaint, Defendant Hall was acting under color of state law and within the scope of his employment.

10. Defendant Whitby is a Correctional Officer employed by the DCDC. Defendant Whitby is an agent the DCDC by virtue of his employment. As such, he was charged with the security of inmates housed within the North One Housing Unit at the D.C. Jail. At all times relevant to this complain, Defendant Whitby was acting under color of state law and within the scope of his employment.

### Factual Allegations

11. At all relevant times, each and every Defendant knew or should have known that the acts, omissions and conditions alleged herein, violated Plaintiff's common law and constitutional rights.

12. Mr. Price was residing at the Central Treatment Facility ("CTF") located at 1901 E. Street, S.E., Washington, D.C. 20003 until July 2006 when he was sentenced and moved to the D.C. Jail. Upon his arrival at the D.C. Jail, Mr. Price was assigned to North West Three Housing Unit.

13. During processing, Mr. Price was assigned a security level of medium or Level 5.

14. While Mr. Price was being processed, he was seen by an officer using a cup that unbeknownst to Mr. Price, was considered contraband at the D.C. Jail. Mr. Price was given a disciplinary report and removed to the Administrative Segregation Unit on or about August 1, 2006. At all relevant times, Mr. Price was assigned to Administrative Segregation in North One Housing Unit.

15. On or about August 1, 2006, Mr. Price was assigned to Cell Number 66. Mr. Price was sharing the cell with another inmate, Mr. "Dock" Roach (DCDC 214-391), who is charged with homicide.

16. In early August 2006, Mr. Roach confessed to Mr. Price that he had killed people. At that time, Mr. Price became nervous about sharing a cell with Mr. Roach, and he asked to be moved to a different cell.

17. On or about August 18, 2006, Mr. Price went before the Adjustment Board for a disciplinary hearing regarding the contraband cup. Mr. Price was "sentenced" to time served by the Board and his Public Defender asked that Mr. Price be returned to the general prison population. Mr. Price was told that he would be returned to the general population.

18. Upon information and belief, the failure to move Mr. Price back to the general prison population after his disciplinary hearing where he was given time served was contrary to DCDC and D.C. Jail policy.

19. After the hearing, Mr. Price was returned to the same cell with Mr. Roach as his cellmate. During that time period, Mr. Price noticed that Mr. Roach had crafted a knife possibly from a toothbrush or other grooming tool.

20. On or about August 20, 2006, Mr. Price asked Correctional Officer Watson if he could be moved to another cell in the same unit that was then unoccupied because he was concerned for his safety after seeing the knife that Mr. Roach had crafted. Correctional Officer Watson told Mr. Price to wait until the morning shift and ask to be moved at that time.

21. At approximately 8:30 AM on August 21, 2006, Mr. Price asked Correctional Officer Berry if he could move to a different cell because there was tension building in his cell between himself and Mr. Roach. Correctional Officer Berry told Mr. Price to wait until "tomorrow" and told him to speak to Sergeant Hall about his concerns.

22. On the evening of August 22, 2006, while Mr. Roach was apparently sleeping, Mr. Price wrote a note to Sergeant Hall stating, "Sgt. Hall. I need to move. There is too much tension in this cell." Mr. Price expressed his concern to Sergeant Hall in writing rather than verbally because he did not want Mr. Roach to know that he was asking to be moved for fear that Mr. Roach would retaliate against him.

23. Mr. Roach overheard Mr. Price passing the note to Sergeant Hall. Mr. Roach told Sergeant Hall, in front of Mr. Price, that he agreed there was tension in the cell and if Mr. Price was not moved, Mr. Roach would stab him. Sergeant Hall refused to move Mr. Price, and he told Mr. Roach to "do what you do."

24. Approximately fifteen minutes later, Mr. Roach jumped on Mr. Price and stabbed him in the back of the head with his make shift knife. After stabbing him, Mr. Roach repeatedly punched Mr. Price including at least one punch in Mr. Price's left eye.

25. Upon information and belief, an inmate in Cell Number 71 witnessed Mr. Roach's attack on Mr. Price.

26. At approximately 12:30 AM in the morning on August 23, 2006, Officer Whitby came to Mr. Price's cell and witnessed the blood all over Mr. Price's head. At that time, Mr. Price repeated his request to be moved to a different cell. Office Whitby told Mr. Price that it was "up to Sergeant Hall."

27. Upon information and belief, prison staff, have the responsibility for the safety of inmates and the security of the unit to which they are assigned.

28. Upon information and belief, supervisory staff, including the rank of Sergeant, have the responsibility for the safety of inmates and the security of the unit to which they are assigned and are also responsible for supervising the acts of their subordinates.

29. Upon information and belief, the training of staff members and the care and safety of Administrative Segregation is more specific and detailed than for the general population.

30. Upon information and belief, Defendant Hall knew or should have known of the tension building in the cell and Mr. Price's reasonable fear for his safety.

31. Upon information and belief, Defendant Whitby knew or should have known of the physical assault that Mr. Price had just suffered at the hands of Mr. Roach and he failed to follow established protocol for an apparent assault; including requesting immediate medical attention for Mr. Price, removing Mr. Price from the dangerous situation, and contacting his superior officers.

32. At approximately 1:30 AM, Corporal Satonya Eggleston saw that Mr. Price was badly injured and bleeding and she retrieved Lieutenant Cuthbert Denton. Mr. Price was

subsequently escorted to the infirmary and was finally seen by Physician's Assistant Soren at approximately 2:45 AM.

33. At approximately 3:58 PM, Mr. Price was taken via Special Conveyance to Greater Southeast Community Hospital where he received twelve stitches to the head and his eye sight was checked.

34. To date, Mr. Price's previously perfect vision is impaired. He has decreased vision in his left eye and he suffers from neck pain and headaches that he did not experience prior to the assault.

35. Defendants District of Columbia, Director Brown, Warden Clay, Sergeant Hall, and Correctional Officer Whitby, individually and through their agents, failed to comply with established standards of care.

36. Mr. Price exhausted the administrative grievance process but at no point in the process did any of the DCDC officials respond to his grievances, including DCDC Director Brown.

## LEGAL CLAIMS

### COUNT I
### Violation of the Eighth Amendment to the United States Constitution
### Failure to Protect
### (Against Defendants Hall and Whitby in the official capacities)

37. Mr. Price incorporates by reference each of the factual allegations stated in paragraphs 1 through 36.

38. Defendant Sergeant Hall is charged with a constitutional duty to protect inmates at D.C. Jail from foreseeable assault by other inmates. Defendant was on notice of Mr. Price's fear for his safety and acted maliciously and sadistically by condoning the assault when he told Mr. Roach to "do what you do" and failing to prevent Mr. Roach from harming Mr. Price. Defendant

Hall's actions and inactions demonstrated a malicious disregard for Plaintiff's health and safety, and constitute a violation of his Eighth Amendment constitutional right to be free from cruel and unusual punishment.

39. Defendant Hall violated Mr. Price's constitutional rights while acting under color of law and pursuant to the custom, pattern, policy and practice of the District and DCDC.

40. The deprivations of Plaintiff's rights described herein are not reasonably related to the furtherance of any legitimate interest in security or other legitimate interest.

41. Defendant Hall acted in the course and scope of his employment and as an agent of DCDC and the District.

42. Defendant Correctional Officer Whitby is charged with a constitutional duty to protect inmates at D.C. Jail from foreseeable assault by other inmates. Defendant was on notice of the assault that Mr. Price suffered when he saw the blood on his face immediately following the attack. Mr. Whitby acted maliciously and sadistically by condoning the assault when he failed to move Mr. Price or call for medical attention. Defendant Whitby's actions and inactions demonstrated a malicious disregard for Plaintiff's health and safety, and constitute a violation of his Eighth Amendment constitutional right to be free from cruel and unusual punishment.

43. Defendant Whitby violated Mr. Price's constitutional rights while acting under color of law and pursuant to the custom, pattern, policy and practice of the District and DCDC.

44. The deprivations of Plaintiff's rights described herein are not reasonably related to the furtherance of any legitimate interest in security or other legitimate interest.

45. Defendant Whitby acted in the course and scope of his employment and as an agent of DCDC and the District.

46. The failure of Defendants Hall and Whitby to protect Mr. Price from assault and to call for medical attention is the proximate cause of his continuing injuries, including, but not limited to: impaired vision in his left eye, emotional distress, a diminished quality of life, and other injuries and damages.

**COUNT II**
**Violation of the Eighth Amendment to the United States Constitution**
**Failure to Protect**
(Against Defendants District of Columbia, Warden Clay, and Sergeant Hall, in their official capacities)

47. Mr. Price incorporates by reference each of the factual allegations stated in paragraphs 1 through 46.

48. Defendants District of Columbia, Warden Clay, and Sergeant Hall, were under a duty to provide for the care and custody of the Plaintiff and to protect him from harm from other inmates while in the D.C. Jail.

49. Defendants District of Columbia, Warden Clay, and Sergeant Hall, through their acts and omission, failed to protect Plaintiff from harm caused by its employees and/or subordinates and other inmates.

50. Defendants District of Columbia, Warden Clay, and Sergeant Hall knew or should have known of Plaintiff's concerns for his safety. Defendants were deliberately indifferent to his pleas to be moved to a different cell.

51. Defendants District of Columbia, Warden Clay, and Sergeant Hall's policy and practice of failing to protect inmates from other dangerous inmates resulted in Mr. Price's injuries, including, but not limited to: limited vision in his left eye, emotional distress, pain and a diminished quality of life, and other injuries and damages.

52. Defendants District of Columbia, Warden Clay, and Sergeant Hall violated Mr. Price's constitutional rights while acting under color of law and pursuant to the custom, pattern, policy and practice of the District and DCDC.

### COUNT III
### Violation of the Eighth Amendment to the United States Constitution
### Failure to Train and Supervise
### (Against Defendants District of Columbia, Director Brown, Warden Clay in their official capacities)

53. Mr. Price incorporates by reference each of the factual allegations contained in paragraphs 1 through 52.

54. Defendants District of Columbia, Director Brown, and Warden Clay were under a duty to provide for the care and custody of the Plaintiff and implement security procedures designed to protect inmates from assaults by other inmates. They had a duty to properly train and supervise officers and employees, and their agents in these policies and procedures.

55. Defendants District of Columbia, Director Brown, and Warden Clay, through their acts and omissions, failed to adequately train staff and agents in established security procedures for securing the safety of inmates housed in the D.C. Jail. Defendants knew or should have known that there was a practice of condoning inmate fighting, and/or improperly housing low or medium security inmates with high security inmates, and ignoring requests for custody changes when inmates complain of safety concerns. Defendants were deliberately indifferent to said practices and the risk of harm to Plaintiff. Defendants knew or should have known that there was inadequate training and supervision of corrections officers at the D.C. Jail with regard to housing procedures, security procedures, and serious incident follow up procedures.

56. Defendants District of Columbia, Director Brown, and Warden Clay's actions and inactions constituted an official policy and practice of failing to properly train staff and agents

and resulted in the violation of Mr. Price's Eighth Amendment constitutional right to be free from cruel and unusual punishment.

57. Defendants District of Columbia, Director Brown, and Warden Clay's policy and practice of failing to properly train staff and agents resulted in Mr. Price's injuries, including, but not limited to: limited vision in his left eye, emotional distress, pain and a diminished quality of life, and other injuries and damages.

58. Defendants District of Columbia, Director Brown, and Warden Clay violated Mr. Price's constitutional rights while acting under color of law and pursuant to the custom, pattern, policy and practice of the District and DCDC.

## COUNT IV
### Negligent Supervision of Inmates
(Against Defendants District of Columbia, Director Brown, and Warden Clay in their official capacities and Sergeant Hall and Correctional Officer Whitby, in their individual and official capacities)

59. Mr. Price incorporates by reference each of the factual allegations contained in paragraphs 1 through 58.

60. Pursuant to D.C. Code § 24-211.02 and common law, Defendants District of Columbia, Director Brown, Warden Clay, Sergeant Hall and Correctional Officer Whitby owed Mr. Price, an inmate in their custody, a duty to properly protect him from assault by other inmates. That duty manifests itself in the supervision of inmates.

61. Defendants District of Columbia, Director Brown, Warden Clay, Sergeant Hall and Correctional Officer Whitby breached their duty to Mr. Price through negligent supervision of the inmates at D.C. Jail.

62. Defendants District of Columbia, Director Brown, Warden Clay, Sergeant Hall and Correctional Officer Whitby's breach was the proximate cause of Mr. Price's injuries, including

but not limited to: limited vision in his left eye, emotional distress, pain and a diminished quality of life, and other injuries and damages.

63. Under the common law theory of respondeat superior, Defendant District of Columbia is responsible for the negligent actions of its employees when those actions occur during the scope of employment.

## COUNT V
### Negligent Training of Staff and Agents
(Against Defendants District of Columbia, Director Brown, and Warden Clay in their official capacities)

64. Mr. Price incorporates by reference each of the factual allegations contained in paragraphs 1 through 63.

65. Pursuant to D.C. Code § 24-211.02 and common law, Defendants District of Columbia, Director Brown, and Warden Clay owed Mr. Price, an inmate in their custody, a duty to provide sufficiently trained staff and correctional officers at D.C. Jail to prevent harm and injury to inmates.

66. Defendants District of Columbia, Director Brown, and Warden Clay breached their duty to train its staff and agents in the proper safekeeping, care, protection, instruction and supervision of inmates as the injuries to Mr. Price were reasonably foreseeable. Defendants were under a duty to provide for the care and custody of the Plaintiff and implement security procedures designed to protect inmates from assaults by other inmates. They had a duty to properly supervise and train their officers, employees and agents regarding the policies and procedures.

67. Defendants District of Columbia, Director Brown, and Warden Clay, through their acts and omissions, failed to properly train and supervise their officers, employees and other agents regarding threats to the safety of inmates and the grievance system. Defendants knew or

should have known that there was a practice of condoning inmate fighting at the D.C. Jail. As such, Defendants failed to exercise reasonable care with regard to the risk of harm to Mr. Price. Defendants knew or should have known that there was inadequate training and supervision of corrections officers at D.C. Jail with regard to the safety of inmates.

68. Defendants District of Columbia, Director Brown, and Warden Clay's breach in their duty of care to properly train the staff and employees proximately caused Mr. Price's injuries.

69. Under the common law theory of respondeat superior, Defendant District of Columbia is responsible for the negligent actions of its employees when those actions occur during the scope of employment.

## COUNT VI

### Violation of the Eighth Amendment to the United States Constitution: Deliberate Indifference to Serious Medical Need
**(Against Defendant Whitby in his individual and official capacity)**

70. Mr. Price incorporates by reference each of the factual allegations contained in paragraphs 1 through 69.

71. Defendant Correctional Officer Whitby was under a duty to provide for the care and custody of the Plaintiff, including the provision of medical care. Defendant, through his acts and omissions, was deliberately indifferent to Mr. Price's clearly visible injuries shortly after the assault by Mr. Roach.

72. Defendant Whitby was deliberately indifferent by failing to move Mr. Price to another cell away from his assailant and for failing to call for medical assistance for Mr. Price for injuries sustained while in the custody of Department of Corrections and at the D.C. Jail.

73. Defendant Whitby was deliberately indifferent by delaying Mr. Price's access to medical personnel.

74. Defendant Whitby had a duty to ensure that inmates had access to medical care as needed.

75. Defendant Whitby's callous and deliberate indifference to the needs of Mr. Price is the proximate cause of Mr. Price's injuries, including, but not limited to: impaired vision in his left eye, emotional distress, a diminished quality of life, and other injuries and damages.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1. Award plaintiff compensatory damages in an amount to be determined;

2. Award plaintiff punitive damages as may be statutorily available;

3. Award plaintiff his reasonable attorneys' fees and costs pursuant to Title 42 Section 1988 in connection with this action; and

4. Grant such other relief as this Court deems just and proper.

Respectfully Submitted,

_____
Eric Dubelier, DC Bar # 419412
Allison Lefrak, DC Bar #485650
REED SMITH, LLP
1301 K Street, N.W.
East Tower – Suite 1100
Washington, D.C. 20005
(202) 414-9200
Counsel for Milton Price

Philip Fornaci, DC Bar # 434824
Ivy A. Lange, DC Bar # 488147
Washington Lawyers' Committee for
Civil Rights & Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000
Counsel for Milton Price

## JURY DEMAND

Plaintiff, by and through counsel, demands trial by jury.

Respectfully Submitted,

_____
Allison M. Lefrak
Counsel for Milton Price

Dated: May 10, 2007

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Milton Price ✓

## DEFENDANTS
DISTRICT OF COLUMBIA, DEVON BROWN (Department of Corrections), ROBERT CLAY, FORMER ACTING WARDEN, SERGEANT BERNARD HALL, CORRECTIONAL OFFICER AUSTIN WHITBY, JR.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Eric Dubelier
Reed Smith LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, DC 20005
202-414-9200

Case: 1:07-cv-00884
Assigned To : Walton, Reggie B.
Assign. Date : 5/10/2007
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ◉ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
42 U.S.C. Section 1983, Violation of Prisoner-Plaintiff's Eighth Amendment right against cruel and unusual punishment.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ TBD   Check YES only if demanded in complaint
JURY DEMAND:   YES [X]   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO [X]   If yes, please complete related case form.

DATE 5.8.07   SIGNATURE OF ATTORNEY OF RECORD  [signature]

5/10/07

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

JTC

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.