**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MILTON PRICE,<br>FCI Petersburg Medium<br>Federal Correctional Institution<br>P.O. Box. 90043<br>Petersburg, VA 23804<br><br>       Plaintiff,<br><br>       v.<br><br>DISTRICT OF COLUMBIA,<br><u>SERVE</u>:   Linda Singer, Attorney General<br>           Office of Corporation Counsel<br>           441 4th Street, N.W.<br>           Suite 6000<br>           Washington, DC 20001<br><br>           The Honorable Mayor Adrian Fenty<br>           Office of the Secretary<br>           1350 Pennsylvania Ave., N.W.<br>           Suite 419<br>           Washington, DC 20004<br><br>and<br><br>DEVON BROWN<br>Department of Corrections<br>1923 Vermont Ave., NW<br>Washington, D.C. 20001<br>In his official capacity<br><br>STANLEY WALDREN<br>In his official capacity<br><br><u>SERVE</u>:   Carol E. Burroughs<br>           Assistant Attorney General<br>           for the District of Columbia<br>           Office of the General Counsel<br>           D.C. Department of Corrections<br>           1923 Vermont Avenue, N.W. Ste. 102-N<br>           Washington, DC  20001 | Case No,.: 1:07cv884 |

| | |
|---|---|
| SERGEANT BERNARD HALL<br>Central Detention Facility<br>1901 D Street, S.E.<br>Washington, D.C. 20003<br>In his individual and official capacity<br><br>CORRECTIONAL OFFICER AUSTIN WHITBY, JR.<br>Central Detention Facility<br>1901 D Street, S.E.<br>Washington, D.C. 20003<br>In his individual and official capacity<br><br>          Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

### Preliminary Statement

1.  Plaintiff, Milton Price at all times relevant to the complaint was in custody at the Central Detention Facility ("D.C. Jail"), brings this action against the District of Columbia ("the District"); Devon Brown, Director of the Department of Corrections ("DCDC"); Stanley Waldren, former Acting Warden of the D.C. Jail; Sergeant Hall; and Correctional Officer Whitby in their individual and official capacities, (collectively, "Defendants") for monetary damages to redress his injuries resulting from defendants' common law negligence and the constitutional violations of Plaintiff's rights. Mr. Price brings this action under the Eighth Amendment of the United States Constitution and the Civil Rights Act of 1871, as codified at 42 U.S.C. § 1983, and brings negligence claims under District of Columbia common law.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over the federal law claims pursuant to 28 USC § 1331 and 28 USC §§ 1343(a)(3) and (a)(4).

3.  This Court has supplemental jurisdiction over District of Columbia law claims pursuant to 28 USC § 1367.

4. The District of Columbia was given proper notice of Mr. Price's claims under D.C. Code § 12-309, by letter received on December 18, 2006.

## Parties

5. Plaintiff Milton Price is an individual resident of the District of Columbia, incarcerated under District of Columbia law. At all times relevant to this complaint, Mr. Price was an inmate at the D.C. Jail located at 1901 E Street, S.E., Washington, D.C. 20003. Mr. Price was subject to the care, custody and control of agents of the District of Columbia.

6. Defendant District of Columbia is a municipal corporation that acts through its agents to establish its policies and is subject to suit under D.C. Code § 1-102. The District of Columbia ("the District"), by and through its agents, is responsible for supervision and operation of the District of Columbia Department of Corrections ("DCDC") and ensuring the health and safety of all inmates incarcerated in DCDC facilities, including the D.C. Jail. The District, through its agents, is also responsible for monitoring the facilities which are responsible for the care and custody of prisoners committed to the custody of the DCDC. The District is responsible for and has a duty to establish policies and procedures for the DCDC and for the training, supervision and discipline of Department staff.

7. Defendant Brown was employed by the District as the Director of the DCDC at all times relevant to this complaint. Defendant Brown is an agent of the DCDC by virtue of his employment. As Director, he was responsible for the care and custody of prisoners committed to the custody of the DCDC housed at the D.C. Jail, and has a duty to provide them with reasonable care. He was also responsible for and had a duty to establish policies and procedures for the D.C. Jail and oversight of the training, supervision and discipline of D.C. Jail staff. At all times

relevant to this complaint, Defendant Brown was acting under color of state law and within the scope of his employment.

8. Defendant Waldren was employed by the DCDC as the Acting Warden at the D.C. Jail at all times relevant to this complaint. Defendant Waldren is an agent of the DCDC by virtue of his employment. As Acting Warden, he was responsible for the care and custody of prisoners committed to the custody of the DCDC housed at the D.C. Jail, and has a duty to provide them with reasonable care. He was also responsible for and had a duty to establish policies and procedures for the D.C. Jail and oversight of the training, supervision and discipline of D.C. Jail staff. At all times relevant to this complaint, Defendant Waldren was acting under color of state law and within the scope of his employment.

9. Defendant Hall is a Sergeant employed by the DCDC. Defendant Hall is an agent of the DCDC by virtue of his employment. As such, he was charged with the security of inmates housed within the North One Housing Unit at the D.C. Jail. At all times relevant to this complaint, Defendant Hall was acting under color of state law and within the scope of his employment.

10. Defendant Whitby is a Correctional Officer employed by the DCDC. Defendant Whitby is an agent the DCDC by virtue of his employment. As such, he was charged with the security of inmates housed within the North One Housing Unit at the D.C. Jail. At all times relevant to this complain, Defendant Whitby was acting under color of state law and within the scope of his employment.

## Factual Allegations

11. At all relevant times, each and every Defendant knew or should have known that the acts, omissions and conditions alleged herein, violated Plaintiff's common law and constitutional rights.

12. Mr. Price was residing at the Central Treatment Facility ("CTF") located at 1901 E. Street, S.E., Washington, D.C. 20003 until July 2006 when he was sentenced and moved to the D.C. Jail. Upon his arrival at the D.C. Jail, Mr. Price was assigned to North West Three Housing Unit.

13. During processing, Mr. Price was assigned a security level of medium or Level 5.

14. While Mr. Price was being processed, he was seen by an officer using a cup that unbeknownst to Mr. Price, was considered contraband at the D.C. Jail. Mr. Price was given a disciplinary report and removed to the Administrative Segregation Unit on or about August 1, 2006. At all relevant times, Mr. Price was assigned to Administrative Segregation in North One Housing Unit.

15. On or about August 1, 2006, Mr. Price was assigned to Cell Number 66. Mr. Price was sharing the cell with another inmate, Mr. "Dock" Roach (DCDC 214-391), who is charged with homicide.

16. In early August 2006, Mr. Roach confessed to Mr. Price that he had killed people. At that time, Mr. Price became nervous about sharing a cell with Mr. Roach, and he asked to be moved to a different cell.

17. On or about August 18, 2006, Mr. Price went before the Adjustment Board for a disciplinary hearing regarding the contraband cup. Mr. Price was "sentenced" to time served by the Board and his Public Defender asked that Mr. Price be returned to the general prison population. Mr. Price was told that he would be returned to the general population.

18. Upon information and belief, the failure to move Mr. Price back to the general prison population after his disciplinary hearing where he was given time served was contrary to DCDC and D.C. Jail policy.

19. After the hearing, Mr. Price was returned to the same cell with Mr. Roach as his cellmate. During that time period, Mr. Price noticed that Mr. Roach had crafted a knife possibly from a toothbrush or other grooming tool.

20. On or about August 20, 2006, Mr. Price asked Correctional Officer Watson if he could be moved to another cell in the same unit that was then unoccupied because he was concerned for his safety after seeing the knife that Mr. Roach had crafted. Correctional Officer Watson told Mr. Price to wait until the morning shift and ask to be moved at that time.

21. At approximately 8:30 AM on August 21, 2006, Mr. Price asked Correctional Officer Berry if he could move to a different cell because there was tension building in his cell between himself and Mr. Roach. Correctional Officer Berry told Mr. Price to wait until "tomorrow" and told him to speak to Sergeant Hall about his concerns.

22. On the evening of August 22, 2006, while Mr. Roach was apparently sleeping, Mr. Price wrote a note to Sergeant Hall stating, "Sgt. Hall. I need to move. There is too much tension in this cell." Mr. Price expressed his concern to Sergeant Hall in writing rather than verbally because he did not want Mr. Roach to know that he was asking to be moved for fear that Mr. Roach would retaliate against him.

23. Mr. Roach overheard Mr. Price passing the note to Sergeant Hall. Mr. Roach told Sergeant Hall, in front of Mr. Price, that he agreed there was tension in the cell and if Mr. Price was not moved, Mr. Roach would stab him. Sergeant Hall refused to move Mr. Price, and he told Mr. Roach to "do what you do."

24. Approximately fifteen minutes later, Mr. Roach jumped on Mr. Price and stabbed him in the back of the head with his make shift knife. After stabbing him, Mr. Roach repeatedly punched Mr. Price including at least one punch in Mr. Price's left eye.

25. Upon information and belief, an inmate in Cell Number 71 witnessed Mr. Roach's attack on Mr. Price.

26. At approximately 12:30 AM in the morning on August 23, 2006, Officer Whitby came to Mr. Price's cell and witnessed the blood all over Mr. Price's head. At that time, Mr. Price repeated his request to be moved to a different cell. Office Whitby told Mr. Price that it was "up to Sergeant Hall."

27. Upon information and belief, prison staff, have the responsibility for the safety of inmates and the security of the unit to which they are assigned.

28. Upon information and belief, supervisory staff, including the rank of Sergeant, have the responsibility for the safety of inmates and the security of the unit to which they are assigned and are also responsible for supervising the acts of their subordinates.

29. Upon information and belief, the training of staff members and the care and safety of Administrative Segregation is more specific and detailed than for the general population.

30. Upon information and belief, Defendant Hall knew or should have known of the tension building in the cell and Mr. Price's reasonable fear for his safety.

31. Upon information and belief, Defendant Whitby knew or should have known of the physical assault that Mr. Price had just suffered at the hands of Mr. Roach and he failed to follow established protocol for an apparent assault; including requesting immediate medical attention for Mr. Price, removing Mr. Price from the dangerous situation, and contacting his superior officers.

32. At approximately 1:30 AM, Corporal Satonya Eggleston saw that Mr. Price was badly injured and bleeding and she retrieved Lieutenant Cuthbert Denton. Mr. Price was subsequently escorted to the infirmary and was finally seen by Physician's Assistant Soren at approximately 2:45 AM.

33. At approximately 3:58 PM, Mr. Price was taken via Special Conveyance to Greater Southeast Community Hospital where he received twelve stitches to the head and his eye sight was checked.

34. To date, Mr. Price's previously perfect vision is impaired. He has decreased vision in his left eye and he suffers from neck pain and headaches that he did not experience prior to the assault.

35. Defendants District of Columbia, Director Brown, Warden Waldren, Sergeant Hall, and Correctional Officer Whitby, individually and through their agents, failed to comply with established standards of care.

36. Mr. Price exhausted the administrative grievance process but at no point in the process did any of the DCDC officials respond to his grievances, including DCDC Director Brown.

## LEGAL CLAIMS

### COUNT I
### Violation of the Eighth Amendment to the United States Constitution
### Failure to Protect
### (Against Defendants Hall and Whitby in the official capacities)

37. Mr. Price incorporates by reference each of the factual allegations stated in paragraphs 1 through 36.

38. Defendant Sergeant Hall is charged with a constitutional duty to protect inmates at D.C. Jail from foreseeable assault by other inmates. Defendant was on notice of Mr. Price's fear

for his safety and acted maliciously and sadistically by condoning the assault when he told Mr. Roach to "do what you do" and failing to prevent Mr. Roach from harming Mr. Price. Defendant Hall's actions and inactions demonstrated a malicious disregard for Plaintiff's health and safety, and constitute a violation of his Eighth Amendment constitutional right to be free from cruel and unusual punishment.

39. Defendant Hall violated Mr. Price's constitutional rights while acting under color of law and pursuant to the custom, pattern, policy and practice of the District and DCDC.

40. The deprivations of Plaintiff's rights described herein are not reasonably related to the furtherance of any legitimate interest in security or other legitimate interest.

41. Defendant Hall acted in the course and scope of his employment and as an agent of DCDC and the District.

42. Defendant Correctional Officer Whitby is charged with a constitutional duty to protect inmates at D.C. Jail from foreseeable assault by other inmates. Defendant was on notice of the assault that Mr. Price suffered when he saw the blood on his face immediately following the attack. Mr. Whitby acted maliciously and sadistically by condoning the assault when he failed to move Mr. Price or call for medical attention. Defendant Whitby's actions and inactions demonstrated a malicious disregard for Plaintiff's health and safety, and constitute a violation of his Eighth Amendment constitutional right to be free from cruel and unusual punishment.

43. Defendant Whitby violated Mr. Price's constitutional rights while acting under color of law and pursuant to the custom, pattern, policy and practice of the District and DCDC.

44. The deprivations of Plaintiff's rights described herein are not reasonably related to the furtherance of any legitimate interest in security or other legitimate interest.

45. Defendant Whitby acted in the course and scope of his employment and as an agent of DCDC and the District.

46. The failure of Defendants Hall and Whitby to protect Mr. Price from assault and to call for medical attention is the proximate cause of his continuing injuries, including, but not limited to: impaired vision in his left eye, emotional distress, a diminished quality of life, and other injuries and damages.

## COUNT II
### Violation of the Eighth Amendment to the United States Constitution
### Failure to Protect
**(Against Defendants District of Columbia, Acting Warden Waldren, and Sergeant Hall, in their official capacities)**

47. Mr. Price incorporates by reference each of the factual allegations stated in paragraphs 1 through 46.

48. Defendants District of Columbia, Warden Waldren, and Sergeant Hall, were under a duty to provide for the care and custody of the Plaintiff and to protect him from harm from other inmates while in the D.C. Jail.

49. Defendants District of Columbia, Warden Waldren, and Sergeant Hall, through their acts and omission, failed to protect Plaintiff from harm caused by its employees and/or subordinates and other inmates.

50. Defendants District of Columbia, Warden Waldren, and Sergeant Hall knew or should have known of Plaintiff's concerns for his safety. Defendants were deliberately indifferent to his pleas to be moved to a different cell.

51. Defendants District of Columbia, Warden Waldren, and Sergeant Hall's policy and practice of failing to protect inmates from other dangerous inmates resulted in Mr. Price's

injuries, including, but not limited to: limited vision in his left eye, emotional distress, pain and a diminished quality of life, and other injuries and damages.

52. Defendants District of Columbia, Warden Waldren, and Sergeant Hall violated Mr. Price's constitutional rights while acting under color of law and pursuant to the custom, pattern, policy and practice of the District and DCDC.

## COUNT III
### Violation of the Eighth Amendment to the United States Constitution
### Failure to Train and Supervise
**(Against Defendants District of Columbia, Director Brown, Acting Warden Waldren in their official capacities)**

53. Mr. Price incorporates by reference each of the factual allegations contained in paragraphs 1 through 52.

54. Defendants District of Columbia, Director Brown, and Acting Warden Waldren were under a duty to provide for the care and custody of the Plaintiff and implement security procedures designed to protect inmates from assaults by other inmates. They had a duty to properly train and supervise officers and employees, and their agents in these policies and procedures.

55. Defendants District of Columbia, Director Brown, and Acting Warden Waldren, through their acts and omissions, failed to adequately train staff and agents in established security procedures for securing the safety of inmates housed in the D.C. Jail. Defendants knew or should have known that there was a practice of condoning inmate fighting, and/or improperly housing low or medium security inmates with high security inmates, and ignoring requests for custody changes when inmates complain of safety concerns. Defendants were deliberately indifferent to said practices and the risk of harm to Plaintiff. Defendants knew or should have known that there was inadequate training and supervision of corrections officers at the D.C. Jail

with regard to housing procedures, security procedures, and serious incident follow up procedures.

56. Defendants District of Columbia, Director Brown, and Acting Warden Waldren's actions and inactions constituted an official policy and practice of failing to properly train staff and agents and resulted in the violation of Mr. Price's Eighth Amendment constitutional right to be free from cruel and unusual punishment.

57. Defendants District of Columbia, Director Brown, and Acting Warden Waldren's policy and practice of failing to properly train staff and agents resulted in Mr. Price's injuries, including, but not limited to: limited vision in his left eye, emotional distress, pain and a diminished quality of life, and other injuries and damages.

58. Defendants District of Columbia, Director Brown, and Acting Warden Waldren violated Mr. Price's constitutional rights while acting under color of law and pursuant to the custom, pattern, policy and practice of the District and DCDC.

### COUNT IV
### Negligent Supervision of Inmates
**(Against Defendants District of Columbia, Director Brown, and Acting Warden Waldren in their official capacities and Sergeant Hall and Correctional Officer Whitby, in their individual and official capacities)**

59. Mr. Price incorporates by reference each of the factual allegations contained in paragraphs 1 through 58.

60. Pursuant to D.C. Code § 24-211.02 and common law, Defendants District of Columbia, Director Brown, Acting Warden Waldren, Sergeant Hall and Correctional Officer Whitby owed Mr. Price, an inmate in their custody, a duty to properly protect him from assault by other inmates. That duty manifests itself in the supervision of inmates.

61. Defendants District of Columbia, Director Brown, Acting Warden Waldren, Sergeant Hall and Correctional Officer Whitby breached their duty to Mr. Price through negligent supervision of the inmates at D.C. Jail.

62. Defendants District of Columbia, Director Brown, Acting Warden Waldren, Sergeant Hall and Correctional Officer Whitby's breach was the proximate cause of Mr. Price's injuries, including but not limited to: limited vision in his left eye, emotional distress, pain and a diminished quality of life, and other injuries and damages.

63. Under the common law theory of respondeat superior, Defendant District of Columbia is responsible for the negligent actions of its employees when those actions occur during the scope of employment.

## COUNT V
### Negligent Training of Staff and Agents
**(Against Defendants District of Columbia, Director Brown, and Acting Warden Waldren in their official capacities)**

64. Mr. Price incorporates by reference each of the factual allegations contained in paragraphs 1 through 63.

65. Pursuant to D.C. Code § 24-211.02 and common law, Defendants District of Columbia, Director Brown, and Acting Warden Waldren owed Mr. Price, an inmate in their custody, a duty to provide sufficiently trained staff and correctional officers at D.C. Jail to prevent harm and injury to inmates.

66. Defendants District of Columbia, Director Brown, and Acting Warden Waldren breached their duty to train its staff and agents in the proper safekeeping, care, protection, instruction and supervision of inmates as the injuries to Mr. Price were reasonably foreseeable. Defendants were under a duty to provide for the care and custody of the Plaintiff and implement security procedures designed to protect inmates from assaults by other inmates.  They had a duty

to properly supervise and train their officers, employees and agents regarding the policies and procedures.

67.  Defendants District of Columbia, Director Brown, and Acting Warden Waldren, through their acts and omissions, failed to properly train and supervise their officers, employees and other agents regarding threats to the safety of inmates and the grievance system.  Defendants knew or should have known that there was a practice of condoning inmate fighting at the D.C. Jail.  As such, Defendants failed to exercise reasonable care with regard to the risk of harm to Mr. Price.  Defendants knew or should have known that there was inadequate training and supervision of corrections officers at D.C. Jail with regard to the safety of inmates.

68.  Defendants District of Columbia, Director Brown, and Acting Warden Waldren's breach in their duty of care to properly train the staff and employees proximately caused Mr. Price's injuries.

69.  Under the common law theory of respondeat superior, Defendant District of Columbia is responsible for the negligent actions of its employees when those actions occur during the scope of employment.

## COUNT VI

**Violation of the Eighth Amendment to the United States Constitution:
Deliberate Indifference to Serious Medical Need
(Against Defendant Whitby in his individual and official capacity)**

70.  Mr. Price incorporates by reference each of the factual allegations contained in paragraphs 1 through 69.

71.  Defendant Correctional Officer Whitby was under a duty to provide for the care and custody of the Plaintiff, including the provision of medical care.  Defendant, through his acts and

omissions, was deliberately indifferent to Mr. Price's clearly visible injuries shortly after the assault by Mr. Roach.

72. Defendant Whitby was deliberately indifferent by failing to move Mr. Price to another cell away from his assailant and for failing to call for medical assistance for Mr. Price for injuries sustained while in the custody of Department of Corrections and at the D.C. Jail.

73. Defendant Whitby was deliberately indifferent by delaying Mr. Price's access to medical personnel.

74. Defendant Whitby had a duty to ensure that inmates had access to medical care as needed.

75. Defendant Whitby's callous and deliberate indifference to the needs of Mr. Price is the proximate cause of Mr. Price's injuries, including, but not limited to: impaired vision in his left eye, emotional distress, a diminished quality of life, and other injuries and damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1. Award plaintiff compensatory damages in an amount to be determined;

2. Award plaintiff punitive damages as may be statutorily available;

3. Award plaintiff his reasonable attorneys' fees and costs pursuant to Title 42 Section 1988 in connection with this action; and

4. Grant such other relief as this Court deems just and proper.

                                            Respectfully Submitted,

                                              /s/ Allison M. Lefrak
                                            Eric Dubelier, DC Bar # 419412
                                            Allison M. Lefrak, DC Bar #485650
                                            REED SMITH, LLP

        1301 K Street, N.W.
        East Tower – Suite 1100
        Washington, D.C.  20005
        (202) 414-9200
        Counsel for Milton Price

        Philip Fornaci, DC Bar # 434824
        Ivy A. Lange, DC Bar # 488147
        Washington Lawyers' Committee for
        Civil Rights & Urban Affairs
        11 Dupont Circle, N.W., Suite 400
        Washington, D.C. 20036
        (202) 319-1000
        Counsel for Milton Price

## **JURY DEMAND**

Plaintiff, by and through counsel, demands trial by jury.

        Respectfully Submitted,

        ___/s/ Allison M. Lefrak_____
        Allison M. Lefrak
        Counsel for Milton Price

Dated: June 1, 2007

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via certified mail return receipt on this 1st day of June 2007 on:

> District of Columbia
> SERVE:
> Linda Singer, Attorney General
> Office of Corporation Counsel
> 441 4th Street, N.W.
> Suite 6000
> Washington, DC 20001
>
> The Honorable Mayor   Adrian Fenty
> Office of the Secretary
> 1350 Pennsylvania Ave., N.W.
> Suite 419
> Washington, DC 20004
>
> Devon Brown
> Department of Corrections
> 1923 Vermont Ave., NW
> Washington, D.C. 20001
>
> Stanley Waldren
> SERVE:
> Carol E. Burroughs
> Assistant Attorney General
> for the District of Columbia
> Office of the General Counsel
> D.C. Department of Corrections
> 1923 Vermont Avenue, N.W. Ste. 102-N
> Washington, DC  20001
>
> Sergeant Bernard Hall
> Central Detention Facility
> 1901 D Street, S.E.
> Washington, D.C. 20003
>
> Austin Whitby, Jr.
> Central Detention Facility
> 1901 D Street, S.E.
> Washington, D.C. 20003

                                                  /s/ Allison M. Lefrak
                                                  Allison M. Lefrak