## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON PRICE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | C.A. No. 07-884 (RBW) |
| DISTRICT OF COLUMBIA, et al.,, : | |
| : | |
| Defendants. : | |
| _____: | |

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE AMENDED COMPLAINT

Defendant District of Columbia answers the Amended Complaint with particularity and in like-numbered paragraphs as follows:

### First Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

1. The allegations contained within paragraph number 1 are the legal conclusions of the pleader to which no response is required by this defendant.

2. Defendant acknowledges the statutory authority cited in paragraph 2 of the Amended Complaint, but denies that proper jurisdiction is necessarily conferred therefrom.

3. Defendant acknowledges the statutory authority cited in paragraph 3 of the Amended Complaint, but denies that proper jurisdiction is necessarily conferred therefrom.

4. The District admits that it received a letter concerning plaintiff's claims on or about November 28, 2006. Further answering, the allegations as to whether this letter

was proper and/or otherwise satisfies the requirements of D.C. Official Code § 12-309 are the legal conclusions of the pleader to which no response is required.

5. Admitted that Mr. Price was incarcerated at the D.C. Jail at 1901 E Street, S.E., Washington, D.C. The remaining allegations are the legal conclusions of the pleader to which no response is required.

6. Defendant District admits that it is a municipal corporation. Further answering, the remaining allegations set forth in paragraph number 6 of the Amended Complaint are the legal conclusions of the pleader to which no response is required by this defendant.

7. Defendant District admits that defendant Devon Brown was Director of the DOC at all relevant times  The remaining allegations set forth in paragraph number 7 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

8. Defendant District admits that defendant Waldren was the Acting Warden of the DC Jail at all relevant times. The remaining allegations set forth in paragraph number 8 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

9. Defendant District admits that Sergeant Hall was employed by DOC at all relevant times  The remaining allegations set forth in paragraph number 9 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

10. Defendant District admits that defendant Whitby was employed by DOC at all relevant times  The remaining allegations set forth in paragraph number 10 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

11.     The allegations contained within paragraph number 11 are the legal conclusions of the pleader to which no response is required by this defendant.

12.     Admitted.

13.     Admitted.

14.     Defendant District lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 14 of the Amended Complaint.

15.     Admitted that Mr. Price was sharing a cell with another inmate.  The remaining allegations are the conclusions of the pleader to which no response is required.

16.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained in paragraph number 16 of the Amended Complaint.  To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

17.     Defendant District lacks sufficient knowledge or information to either admit or denies the allegations contained within paragraph number 17 of the Amended Complaint.

18.     The allegations contained within paragraph number 18 are the legal conclusions of the pleader to which no response is required by this defendant.

19.     Defendant District lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 19 of the Amended Complaint.  To the extent a response is required, this defendant denies the allegations.

20.     Defendant District lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 20 of the Amended Complaint.  To the extent a response is required, this defendant denies the allegations.

21. Defendant District lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 21 of the Amended Complaint. To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

22. Defendant District lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 22 of the Amended Complaint. To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

23. Defendant District lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 23 of the Amended Complaint. To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

24. Defendant District lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 24 of the Amended Complaint. To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

25. Defendant District lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 25 of the Amended Complaint. To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

26. Defendant District lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 26 of the Amended Complaint. To the extent

a response is required, defendant District denies the allegations and demands strict proof at trial.

27. The allegations contained within paragraph number 27 are the legal conclusions of the pleader to which no response is required by this defendant.

28. The allegations contained within paragraph number 28 are the legal conclusions of the pleader to which no response is required by this defendant.

29. The allegations contained within paragraph number 29 are the conclusions of the pleader to which no response is required by this defendant.

30. The allegations contained within paragraph number 30 are the conclusions of the pleader to which no response is required by this defendant.

31. The allegations contained within paragraph number 31 are the conclusions of the pleader to which no response is required by this defendant.

32. Defendant District lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 32 of the Amended Complaint. To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

33. Defendant District lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 33 of the Amended Complaint. To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

34. Defendant District lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 34 of the Amended Complaint. To the extent

a response is required, defendant District denies the allegations and demands strict proof at trial.

35. The District denies the allegations in paragraph number 35 of the Amended Complaint..

36. The allegations contained within paragraph number 36 are the legal conclusions of the pleader to which no response is required by this defendant.

### COUNT I: Violation of Eighth Amendment- Failure to Protect
### (Defendants Hall and Whitby)

37. The responses set forth in paragraphs 1–36 are incorporated herein by reference.

38. The allegations set forth in paragraph 38 are not directed to this defendant, and no response is required by this defendant.

39. The District denies the allegations in paragraph number 39 of the Amended Complaint..

40. The allegations set forth in paragraph 40 are not directed to this defendant, and no response is required by this defendant.

41. The allegations set forth in paragraph 41 are not directed to this defendant, and no response is required by this defendant.

42. The allegations set forth in paragraph 42 are not directed to this defendant, and no response is required by this defendant.

43. The District denies the allegations in paragraph number 43 of the Amended Complaint..

44. The allegations set forth in paragraph 44 are not directed to this defendant, and no response is required by this defendant.

45.     The allegations set forth in paragraph 45 are not directed to this defendant, and no response is required by this defendant.

46.     The District denies the allegations in paragraph number 46 of the Amended Complaint..

### COUNT II: Violation of Eighth Amendment- Failure to Protect
### (Defendants District, Waldren, Hall)

47.     The responses set forth in paragraphs 1–46 are incorporated herein by reference.

48.     The allegations in paragraph 48 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

49.     The District denies the allegations in paragraph number 49 of the Amended Complaint...

50.     The District denies the allegations in paragraph number 50 of the Amended Complaint..

51.     The District denies the allegations in paragraph number 51 of the Amended Complaint..

52.     The District denies the allegations in paragraph number 52 of the Amended Complaint..

### COUNT III:   Violation of Eighth Amendment-Failure to Train and Supervise
### (Defendants District, Brown, Waldren)

53.     The responses set forth in paragraphs 1–52 are incorporated herein by reference.

54.     The allegations in paragraph 54 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

55.     The District denies the allegations in paragraph number 55 of the Amended Complaint..

56. The allegations in paragraph 56 of the Amended Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, defendant District denies the allegations and demands strict proof at trial.

57. The District denies the allegations in paragraph number 57 of the Amended Complaint..

58. The District denies the allegations in paragraph number 58 of the Amended Complaint..

### COUNT IV: Negligent Supervision of inmates
### (Defendants District, Brown, Waldren, Hall, Whitby)

59. The responses set forth in paragraphs 1–58 are incorporated herein by reference.

60. The allegations in paragraph 60 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

61. The District denies the allegations in paragraph number 61 of the Amended Complaint..

62. The District denies the allegations in paragraph number 62 of the Amended Complaint..

63. The allegations in paragraph 63 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

### COUNT V: Negligent Training of Staff and Agents
### (Defendants District, Brown, Waldren)

64. The responses set forth in paragraphs 1–63 are incorporated herein by reference.

65. The allegations in paragraph 65 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

66. The District denies the allegations in paragraph number 66 of the Amended Complaint..

67. The District denies the allegations in paragraph number 67 of the Amended Complaint..

68. The District denies the allegations in paragraph number 68 of the Amended Complaint..

69. The allegations in paragraph 69 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

### COUNT VI: Violation of Eighth Amendment- Deliberate Indifference
### (Defendant Whitby)

70. The responses set forth in paragraphs 1–69 are incorporated herein by reference.

71. The allegations set forth in paragraph 71 are not directed to this defendant, and no response is required by this defendant.

72. The District denies the allegations in paragraph number 72 of the Amended Complaint..

73. The District denies the allegations in paragraph number 73 of the Amended Complaint..

74. The allegations set forth in paragraph 74 are not directed to this defendant, and no response is required by this defendant.

75. The District denies the allegations in paragraph number 75 of the Amended Complaint.

Further answering, the District hereby denies all allegations not specifically admitted or otherwise responded to.

**THIRD DEFENSE**

Plaintiff cannot prove facts sufficient to maintain a constitutional cause of action against defendant District pursuant to the Eighth Amendment.

**FOURTH DEFENSE**

Plaintiff may have failed to fully exhaust his administrative remedies.

**FIFTH DEFENSE**

The actions of defendant District's employees, engaged in the scope of employment, were taken in good faith and with a reasonable belief in their lawfulness, and/or the actions taken by the defendant District's employees, engaged in the scope of employment, may have been the result of privilege.

**SIXTH DEFENSE**

The actions of defendant District complied with all applicable laws and met or exceeded all applicable standards of care.

**SEVENTH DEFENSE**

If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

**EIGHTH DEFENSE**

If plaintiff was injured and damaged as alleged in the Amended Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk, and/or the acts of a third party.

**NINTH DEFENSE**

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

**TENTH DEFENSE**

Plaintiff may have failed to mitigate his damages.

**ELEVENTH DEFENSE**

The action may be barred by issue or claim preclusion, or not yet have accrued.

**TWELFTH DEFENSE**

The District of Columbia is not liable for the actions of employees, not engaged in the scope of employment.

**THIRTEENTH DEFENSE**

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, then such injuries and/or damages were caused by superseding causes not within the government's control.

**FOURTEENTH DEFENSE**

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages were not caused by a breach of duty owed Plaintiff by this Defendant.

**FIFTEENTH DEFENSE**

Plaintiff may have failed to comply fully with the mandatory notice requirements of D.C. Official Code 12-309 (2001 ed.).

**SIXTEENTH DEFENSE**

Plaintiff may not obtain punitive damages against the District.

**SET-OFF**

Defendant District of Columbia claims a set-off for any and all funds paid to Plaintiff by Medicaid or other forms of public assistance.

**Jury Trial Demand**

The District demands a trial by a jury of twelve (12).

The defendant District reserves the right to amend its answer pursuant to Federal Rule of Civil Procedure 15.

WHEREFORE, having fully answered, defendant District of Columbia urges the Court to dismiss the Amended Complaint with prejudice and award costs and attorney's fees to defendant District.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    \s\
    PATRICIA A. JONES [428132]
    Chief, General Litigation Sec. IV

    \s\
    MICHAEL P. BRUCKHEIM [455192]
    Assistant Attorney General
    441 4th Street, N.W., 6th Floor South
    Washington, DC 20001
    (202) 724-6649; (202) 727-6295
    (202) 727-3625 (fax)
    E-mail:Michael.Bruckheim@dc.gov