**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MILTON PRICE, | : |
|     Plaintiff, | : |
| v. | : |
| | : C.A. No. 07-884 (RBW) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
|     Defendants. | : |

**DEFENDANT DEVON BROWN'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendant Devon A. Brown (hereafter "Brown"), by and through counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Court for an Order dismissing plaintiff's amended complaint with prejudice, on the basis that plaintiff has failed to state a claim against him for which he is entitled to relief. The suit against defendant Brown is an official-capacity suit, and plaintiff must look to the District of Columbia as the proper party defendant for his requested relief. Moreover, defendant Brown is also entitled to the defense of qualified immunity. In support of his motion, defendant Brown refers this Court to the attached memorandum of points and authorities.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General for the District of Columbia
    Civil Litigation Division

    /s/ Patricia A. Jones_____
    PATRICIA A. JONES [428132]
    Chief, General Litigation, Section IV

/s/ Michael P. Bruckheim_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295
michael.bruckheim@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MILTON PRICE,                             : | |
| :                                              | |
| Plaintiff,                           : | |
| :                                              | |
| v.                                           : | |
| :                                              C.A. No. 07-884 (RBW) |
| DISTRICT OF COLUMBIA, et al.,,  : | |
| :                                              | |
| Defendants.                     : | |
| _____ : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DEVON BROWN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff filed the amended complaint on June 1, 2007, against the District of Columbia, Devon Brown, Stanley Waldren, Bernard Hall, and Austin Whitby. Plaintiff alleges that on or about August 22, 2006, he was assaulted by his cellmate several hours after he asked defendant Hall to remove him from the cell. *See* Amended Complaint, at ¶¶ 22-24. Plaintiff claims that he was stabbed by his cellmate and suffered injuries as a result of the attack. *Id.*, at ¶¶ 24, 34. Plaintiff seeks damages against defendant Brown pursuant to 42 U.S.C. § 1983 for alleged violations of the Eighth Amendments for failure to train and supervise, and for damages for alleged negligent supervision of inmates and negligent training. *See* Amended Complaint, *generally*.

For the following reasons, defendant Brown is entitled to dismissal of the Amended Complaint against him as a matter of law.

# ARGUMENT

### A.  Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief. The Supreme Court has held that the proper test for the sufficiency of a pleading under Rule 12(b)(6) is whether the claim the Complaint purports to set forth is "plausible." *See Bell Atlantic Corp. v. Twombly*, 2007 U.S. LEXIS 5901 (May 21, 2007). The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).

### B.  Plaintiff's action against defendant Devon Brown in his official-capacity must be dismissed.

Plaintiff has sued defendant Brown in his official-capacity. Other than plaintiff's conclusory allegations that defendant Brown knew or should have known of the need for training, there are no specific allegations set forth in plaintiff's Complaint that defendant Brown had any personal involvement in the incident(s) that gave rise to plaintiff's injuries. *See* Amended Complaint, *generally*. The U.S. Supreme Court has ruled upon the issue of official-capacity suits. The Supreme Court has held that,

> Official-capacity suits.. ."generally represent only another way of pleading an action against an entity of which an officer is an agent." [Citation omitted.] As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation omitted.] ...the real party in interest is the entity. Thus, ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985). The District of Columbia is already a party

defendant in this action. Consequently, defendant Brown should be dismissed because the District is the proper party defendant, and the suit against defendant Brown is duplicative.

      C.      **Defendant Brown is entitled to qualified immunity.**

Defendant Brown is entitled to qualified immunity in this case. The purpose of qualified immunity is to protect governmental officials against insubstantial lawsuits which have the following societal costs: 1) expenses of litigation; 2) diversion of official energy from pressing public issues; 3) deterrence of able citizens from acceptance of public office; and 4) the possibility that the fear of being sued will dampen the ardor of all but the most resolute individuals. *Harlow v. Fitzgerald,* 457 U.S. 800, 8l4 (l982). *See also, Procunier v. Navarette,* 434 U.S. 555 (1978) (state prison officials possess qualified immunity for their discretionary acts). Qualified immunity shields a government official from liability as long as his action could reasonably have been thought to be consistent with the rights they are alleged to have violated. *Anderson v. Creighton,* 483 U.S. 635, 638 (l987). After an assertion of qualified immunity, these persons are protected from suit if their officials acts were "objectively reasonable" as assessed in light of the legal rules that were "clearly established" at the time of the alleged illegal action. *Id.* A government official should prevail on the qualified immunity defense even if he is mistaken, if a reasonable government official could have believed that the action taken was not in violation of clearly established constitutional law. *Anderson,* 483 U.S. at 64l. Qualified immunity thus protects all but the plainly incompetent or those who knowingly violate the law.

To prevail against defendant Brown, plaintiff must show that his conduct violated his constitutional rights. *See Saucier v. Katz,* 533 U.S. 194, 201 (2001). If a right has been violated, then the court must access "…whether it would be clear [or foreseeable] to a government official that his conduct was unlawful in the situation he confronted." *Saucier,* 533 U.S. at 202.

4

"Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *See Crawford-El v. Britton,* 523 U.S. 574, 588 (1998), citing *Harlow,* 457 U.S. at 817-818. Plaintiff has failed to plead any facts to show that defendant Brown's actions violated his constitutional rights, that he was deliberately indifferent to the need for training and/or that he knowingly failed to take action that he reasonably believed would alleviate serious risks of harm to him. *See* Amended Complaint. Based on the allegations set forth in the Complaint against defendant Brown, he is entitled to qualified immunity as a matter of law.

## **CONCLUSION**

Plaintiff's action against defendant Devon A. Brown is an official-capacity suit and must be dismissed. Moreover, defendant Brown is entitled to qualified immunity and dismissal of plaintiff's lawsuit against him is warranted as a matter of law.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/ Patricia A. Jones
    PATRICIA A. JONES [428132]
    Chief, General Litigation, Section IV

/s/ Michael P. Bruckheim_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295
michael.bruckheim@dc.gov

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MILTON PRICE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 07-884 (RBW) |
| : | |
| DISTRICT OF COLUMBIA, et al.,, : | |
| : | |
| Defendants. : | |
| _____: | |

## **ORDER**

Upon consideration of defendant Devon Brown's Motion to Dismiss Plaintiff's Amended Complaint, plaintiff's response thereto, if any, and the record herein, it is this _____ day of _____, 2007,

ORDERED: that Devon Brown's Motion to Dismiss is hereby GRANTED for the reasons set forth in his motion, and it is,

FURTHER ORDERED: that plaintiff's action shall be dismissed against Devon Brown with prejudice.

_____
Judge Reggie B. Walton