UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON PRICE, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | :   C.A. No. 07-884 (RBW) |
| DISTRICT OF COLUMBIA, <u>et al.</u>,, | : |
| | : |
|     Defendants. | : |
| _____ | : |

**DEFENDANT BERNARD HALL'S ANSWER TO THE AMENDED COMPLAINT**

Defendant Bernard Hall, by and through counsel, hereby answers the Amended Complaint with particularity and in like-numbered paragraphs as follows:

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

1.  The allegations contained within paragraph 1 are the legal conclusions of the pleader to which no response is required by the defendant.

2.  Defendant acknowledges the existence of the statutory authority cited in paragraph 2 of the Amended Complaint, but denies that proper jurisdiction is necessarily conferred therefrom.

3.  Defendant acknowleges the existence of the statutory authority cited in paragraph 3 of the Amended Complaint, but denies that proper jurisdiction is necessarily conferred therefrom

4.  Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 4 of the Amended Complaint.

1

5. Defendant Hall lacks sufficient knowledge or information to either admit or deny whether Mr. Price is a resident of the District of Columbia. Defendant Hall admits that Mr. Price was incarcerated at the D.C. Jail at 1901 E Street, S.E., Washington, D.C. The remaining allegations are the legal conclusions of the pleader to which no response is required.

6. Defendant Hall admits that the District of Columbia is a municipal corporation. Further answering, the remaining allegations set forth in paragraph number 6 of the Amended Complaint are the legal conclusions of the pleader to which no response is required by this defendant.

7. Defendant Hall admits that defendant Devon Brown was Director of the DOC at all relevant times  The remaining allegations set forth in paragraph number 7 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

8. Defendant Hall admits that defendant Waldren was the Acting Warden of the DC Jail at all relevant times. The remaining allegations set forth in paragraph number 8 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

9. Defendant Hall admits that he was employed by DOC at all relevant times  The remaining allegations set forth in paragraph number 9 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

10. Defendant Hall  admits that defendant Whitby was employed by DOC at all relevant times  The remaining allegations set forth in paragraph number 10 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

11. The allegations contained within paragraph number 11 are the legal conclusions of the pleader to which no response is required by this defendant.

12. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 12 of the Amended Complaint.

13. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 13 of the Amended Complaint.

14. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 14 of the Amended Complaint.

15. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 15 of the Amended Complaint.

16. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 16 of the Amended Complaint.

17. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 17 of the Amended Complaint.

18. The allegations contained within paragraph number 18 are the conclusions of the pleader to which no response is required by this defendant.

19. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 19 of the Amended Complaint.

20. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 20 of the Amended Complaint.

21. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 21 of the Amended Complaint.

22. Defendant Hall denies having received a note from plaintiff. Further answering, this defendant lacks sufficient knowledge or information to either admit or deny the remaining allegations contained in paragraph number 22 of the Amended Complaint. To the extent a response is required, this defendant denies the allegations.

23. Denied.

24. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 24 of the Amended Complaint.

25. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 25 of the Amended Complaint.

26. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 26 of the Amended Complaint.

27. The allegations contained within paragraph number 27 are the legal conclusions of the pleader to which no response is required by this defendant.

28. The allegations contained within paragraph number 28 are the conclusions of the pleader to which no response is required by this defendant.

29. Admitted.

30. The allegations contained within paragraph number 30 are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required defendant Hall denies the allegations and demands strict proof at trial.

31. The allegations contained within paragraph number 31 are the legal conclusions of the pleader to which no response is required by this defendant..

32. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 32 of the Amended Complaint.

33. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 33 of the Amended Complaint.

34. Defendant Hall lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 34 of the Amended Complaint.

35. Denied.

36. The allegations contained within paragraph number 36 are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required defendant Hall denies the allegations and demands strict proof at trial.

### COUNT I: Violation of Eighth Amendment- Failure to Protect
### (Defendants Hall and Whitby)

37. The responses set forth in paragraphs 1-36 are incorporated herein by reference as if fully set forth herein.

38. The allegations contained within paragraph number 38 are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required defendant Hall denies the allegations and demands strict proof at trial.

39. Denied.

40. The allegations contained within paragraph number 40 are the legal conclusions of the pleader to which no response is required by this defendant.

41. This defendant admits that any act he committed was in the scope of his employment as an employee of the District of Columbia.

42. The allegations set forth in paragraph 42 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

43. The allegations set forth in paragraph 43 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

5

44. The allegations contained within paragraph number 44 are the legal conclusions of the pleader to which no response is required by this defendant.

45. The allegations set forth in paragraph 45 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

46. Denied.

### COUNT II: Violation of Eighth Amendment- Failure to Protect
### (Defendants District, Waldren, Hall)

47. The responses set forth in paragraphs 1- 46 are incorporated herein by reference as if fully set forth herein.

48. The allegations contained within paragraph number 48 are the legal conclusions of the pleader to which no response is required by this defendant.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

### COUNT III: Violation of Eighth Amendment-Failure to Train and Supervise
### (Defendants District, Brown, Waldren)

53. The responses set forth in paragraphs 1- 52 are incorporated herein by reference as if fully set forth herein.

54. The allegations set forth in paragraph 54 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

55. The allegations set forth in paragraph 55 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

56. The allegations set forth in paragraph 56 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

57. The allegations set forth in paragraph 57 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

58. The allegations set forth in paragraph 58 are not directed to this defendant, and no response is required by this defendant.

### COUNT IV: Negligent Supervision of inmates
### (Defendants District, Brown, Waldren, Hall, Whitby)

59. The responses set forth in paragraphs 1-58 are incorporated herein by reference as if fully set forth herein.

60. The allegations contained within paragraph number 60 are the legal conclusions of the pleader to which no response is required by this defendant.

61. Denied.

62. Denied.

63. The allegations set forth in paragraph 63 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

### COUNT V: Negligent Training of Staff and Agents
### (Defendants District, Brown, Waldren)

64. The responses set forth in paragraphs 1- 63 are incorporated herein by reference as if fully set forth herein.

65. The allegations set forth in paragraph 65 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

66. The allegations set forth in paragraph 66 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

7

67. The allegations set forth in paragraph 67 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

68. The allegations set forth in paragraph 68 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

69. The allegations set forth in paragraph 69 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

### COUNT VI: Violation of Eighth Amendment- Deliberate Indifference
### (Defendant Whitby)

70. The responses set forth in paragraphs 1- 69 are incorporated herein by reference as if fully set forth herein.

71. The allegations set forth in paragraph 71 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

72. The allegations set forth in paragraph 72 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

73. The allegations set forth in paragraph 73 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

74. The allegations set forth in paragraph 74 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

75. The allegations set forth in paragraph 75 are not directed to this defendant, and contain legal conclusions. Therefore, no response is required by this defendant.

Further answering, this defendant denies all allegations of wrongdoing, intentional or otherwise, not specifically admitted to or otherwise answered.

### THIRD DEFENSE

Plaintiff cannot prove facts sufficient to maintain a constitutional cause of action against defendant Hall pursuant to the Eighth Amendment.

### FOURTH DEFENSE

Plaintiff may have failed to fully exhaust his administrative remedies.

### FIFTH DEFENSE

The actions of defendant Hall, engaged in the scope of employment, were taken in good faith and with a reasonable belief in their lawfulness, and/or the actions taken by the defendant Hall, engaged in the scope of employment, may have been the result of privilege.

### SIXTH DEFENSE

The actions of defendant Hall complied with all applicable laws and met or exceeded all applicable standards of care.

### SEVENTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

### EIGHTH DEFENSE

If plaintiff was injured and damaged as alleged in the Amended Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk, and/or the acts of a third party.

### NINTH DEFENSE

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

### TENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

### ELEVENTH DEFENSE

The action may be barred by issue or claim preclusion, or not yet have accrued.

### TWELFTH DEFENSE

Defendant Hall is not liable for the actions of employees not engaged in the scope of employment, and cannot be held liable for the criminal conduct of a third party.

### THIRTEENTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, then such injuries and/or damages were caused by superseding causes not within Defendant Hall's control.

### FOURTEENTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages were not caused by a breach of duty owed Plaintiff by this Defendant.

### FIFTEENTH DEFENSE

Defendant Hall is entitled to qualified immunity for his complained about conduct.

### SIXTEENTH DEFENSE

Plaintiff may not obtain punitive damages against Defendant Hall.

### SEVENTEENTH DEFENSE

Plaintiff is not entitled to recover from this defendant for his common law tort claims based on principles of *respondeat superior.*

**Jury Trial Demand**

Defendant Hall demands a trial by a jury of twelve (12).

Defendant Hall reserves the right to amend his answer pursuant to Federal Rule of Civil Procedure 15.

WHEREFORE, having fully answered, defendant Hall urges the Court to dismiss the Amended Complaint with prejudice and award costs and attorney's fees to this defendant.

                                              Respectfully submitted,

                                              LINDA SINGER
                                              Attorney General for the District of Columbia

                                              GEORGE C. VALENTINE
                                              Deputy Attorney General, Civil Litigation Division

                                              \_\_\_\s\_____
                                              PATRICIA A. JONES [428132]
                                              Chief, General Litigation Sec. IV

                                              \_\_\_\s\_____
                                              MICHAEL P. BRUCKHEIM [455192]
                                              Assistant Attorney General
                                              441 4th Street, N.W., 6th Floor South
                                              Washington, DC 20001
                                              (202) 724-6649; (202) 727-6295
                                              (202) 727-3625 (fax)
                                              E-mail:Michael.Bruckheim@dc.gov