**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MILTON PRICE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : C.A. No. 07-884 (RBW) | |
| DISTRICT OF COLUMBIA, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

**DEFENDANT DEVON BROWN'S REPLY TO PLAINTIFF'S OPPOSITION TO HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Devon A. Brown (hereafter "Brown"), by and through counsel, and pursuant to LCvR 7(d),,hereby submits the following Reply to Plaintiff's Opposition to his Motion to Dismiss Plaintiff's Amended Complaint.

**A.   Plaintiff's Action against Defendant Devon Brown in his Official Capacity Must Be Dismissed.**

Plaintiff has sued defendant Brown in his official-capacity only.[1]  Plaintiff argues that there is nothing to preclude a suit against defendant Brown, and that there is no prejudice in keeping this defendant as a party in this case.  Defendant Brown respectfully disagrees.  In the District of Columbia Circuit, government officials sued in their official capacities are not personally liable for damages.  Instead, a plaintiff must look to the municipality.  *See Atchinson v. District of Columbia,* 73 F.3d 418, 424 (D.C. 1996)( citing *Kentucky v. Graham,* 473 U.S. 159, 166 (1985).  This is based on the well settled proposition that a section 1983 suit for damages against municipal officials in their official capacities is equivalent to a suit against the municipality itself.  *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (holding that

---

[1] Defendant Brown herein withdraws his argument that he is entitled to qualified immunity since he is being sued only in his official capacity. *See* Amended Complaint, generally, and Plaintiff's Opposition.

an official capacity suit against a state officer "is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself"). Contrary to plaintiff's assertion, courts have routinely dismissed corresponding claims against individuals named in their official capacity as "redundant and an inefficient use of judicial resources." *Robinson v. District of Columbia,* 403 F. Supp. 2d 39, 49 (D.D.C. 2005).

In this case, defendant's Brown presence in this would be duplicative as he is being named in his official capacity only, and the District is already a party defendant. Moreover, plaintiff is not entitled to duplicative recovery and must look to the District for any requested relief. Accordingly, defendant Brown is entitled to dismissal.

### B. Defendant Brown is Entitled to Dismissal of the Negligence Claims Against Him under the *Respondeat Superior* Doctrine.

Plaintiff seeks to proceed against defendant Brown in this case on a theory of negligent training and supervision. However, the District concedes that defendant Brown was engaged in the scope of his employment at all times relevant to the events alleged in the amended complaint. As a result, the negligent training and supervision claim against defendant Brown is an unnecessary, duplicative theory of liability against this defendant, and dismissal is appropriate.

A number of courts have held that where the existence of *respondeat superior* is conceded, evidence of negligent supervision and training should be excluded. In *Hackett v. Washington Metro. Area Transit Auth.*, 736 F. Supp. 8 (D.C. 1990), a bus passenger asserted two claims against the employer of the defendant driver: 1) *respondeat superior* for the negligence of the driver, and 2) negligent supervision, hiring , and retention by the employer. The employer conceded that the driver was acting within the scope of his employment, and then moved to

dismiss the negligent supervision claim. The court granted the motion, stating that the negligent supervision claim "would be prejudicial and unnecessary and should be dismissed." *Id.* at 11.

In *Curry v. Giant Food*, 522 A.2d 1283 (D.C. 1987), a customer was arrested for shoplifting, and filed a complaint for assault and battery and for false arrest. The employer conceded that its employees had been acting in the scope of their employment at all times, and moved the court to exclude evidence of negligent training and supervision. The court granted the motion, holding that such evidence did not have "any relevance whatsoever." *Id.* at 1289. The court further held:

> [W]here the liability of the principal for the conduct of its agents is not disputed, it was not incumbent upon the trial court to admit evidence [of negligent training] ultimately to establish a matter conceded.

*Id.* at 1290.

The doctrine of *respondeat superior* provides the proper vehicle for a direct action aimed at recovering the damages resulting from an alleged wrongful act committed by an employee within the scope of his employment. Plaintiff has asserted his negligence claims against the District. To maintain the same claims against defendant Brown when it is undisputed that this defendant was acting within the scope of his employment as a District employee, would be prejudicial to defendant Brown, and not judicially economical. The District is a defendant in this action and may be held liable for any negligent acts committed by defendant Brown during the scope of his employment. *Sebastian v. District of Columbia,* 636 A.2d 958, 960 (D.C. 1994). *See also Tindall v. Enderle*, 162 Ind. 524, 320 N.E.2d 764, 768 (1974) (holding 'proof of the additional elements of negligent hiring [and training] under such circumstances is not relevant to the issues in dispute, is wasteful of the court's time and may be unnecessarily confusing to a

3

jury'); *see, also, Lange v. B & P Motor Express, Inc.*, 257 F. Supp. 319, 324 (N.D. Ind. 1966).[2]

Based on the foregoing, defendant Brown is entitled to dismissal.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Patricia A. Jones_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

        /s/ Michael P. Bruckheim_____
        MICHAEL P. BRUCKHEIM [455192]
        Assistant Attorney General
        441 4th Street, N.W., Sixth Floor North
        Washington, D.C. 20001
        (202) 724-6649; (202) 727-6295
        michael.bruckheim@dc.gov

---

[2] Defendant Brown recognizes that *Tindall* and *Lange* are not binding upon this Court, but hopes the Court would find their reasoning persuasive.