**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MILTON PRICE,                  :
                                 :
        Plaintiff,            :
                                   :
v.                                 :
                                   :          C.A. No. 07-884 (RBW)
DISTRICT OF COLUMBIA, <u>et al.</u>,    :
                                   :
        Defendants.      :
_____:

**<u>DEFENDANT AUSTIN WHITBY, JR.'S ANSWER TO THE AMENDED
COMPLAINT</u>**

        Defendant Austin Whitby, Jr., by and through counsel, hereby answers the

Amended Complaint with particularity and in like-numbered paragraphs as follows:

**<u>FIRST DEFENSE</u>**

        The Amended Complaint fails to state a claim upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

1.       Defendant acknowledges the existence of the statutory authority cited in

paragraph 1 of the Amended Complaint, but denies that proper jurisdiction is necessarily

conferred therefrom. The remaining allegations contained within paragraph 1 are the

legal conclusions of the pleader to which no response is required by the defendant.

2.       Defendant acknowledges the existence of the statutory authority cited in

paragraph 2 of the Amended Complaint, but denies that proper jurisdiction is necessarily

conferred therefrom.

3.    Defendant acknowledges the existence of the statutory authority cited in paragraph 3 of the Amended Complaint, but denies that proper jurisdiction is necessarily conferred therefrom

4.    Defendant Whitby.lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 4 of the Amended Complaint.

5.    Defendant Whitby lacks sufficient knowledge or information to either admit or deny whether Mr. Price is a resident of the District of Columbia.  Defendant Whitby  admits that Mr. Price was incarcerated at the D.C. Jail at 1901 E Street, S.E., Washington, D.C.  The remaining allegations are the legal conclusions of the pleader to which no response is required.

6.    Defendant Whitby admits that the District of Columbia is a municipal corporation. Further answering, the remaining allegations set forth in paragraph number 6 of the Amended Complaint are the legal conclusions of the pleader to which no response is required by this defendant.

7.    Defendant Whitby admits that defendant Devon Brown was Director of the DOC at all relevant times  The remaining allegations set forth in paragraph number 7 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

8.    Defendant Whitby admits that defendant Waldren was the Acting Warden of the DC Jail at all relevant times.  The remaining allegations set forth in paragraph number 8 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

9.      Defendant Whitby admits that Defendant Hall was employed by DOC at all relevant times  The remaining allegations set forth in paragraph number 9 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

10.       Defendant Whitby admits that he was employed by DOC at all relevant times  The remaining allegations set forth in paragraph number 10 of the Amended Complaint are the legal conclusions of the pleader to which no response is required.

11.      The allegations contained within paragraph number 11 are the legal conclusions of the pleader to which no response is required by this defendant.

12.      Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 12 of the Amended Complaint.

13.      Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 13 of the Amended Complaint.

14.      Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 14 of the Amended Complaint.

15.      Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 15 of the Amended Complaint.

16.      Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 16 of the Amended Complaint.

17.      Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 17 of the Amended Complaint.

18.      The allegations contained within paragraph 18 of the Amended Complaint are the conclusions of the pleader to which no response is required by this defendant.

19.     Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 19 of the Amended Complaint.

20.     Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 20 of the Amended Complaint.

21.     Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 21 of the Amended Complaint.

22.     Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 22 of the Amended Complaint.

23.     Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 23 of the Amended Complaint.

24.     Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 24 of the Amended Complaint.

25.     Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 25 of the Amended Complaint.

26.     Denied..

27.     The allegations contained within paragraph 27 of the Amended Complaint are the legal conclusions of the pleader to which no response is required by this defendant.

28.     The allegations contained within paragraph 28 of the Amended Complaint are the legal conclusions of the pleader to which no response is required by this defendant.

29.     Admitted.

30.     The allegations contained within paragraph number 30 are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required defendant Whitby  denies the allegations and demands strict proof at trial.

31.     Denied.

32.     Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 32 of the Amended Complaint.

33.     Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 33 of the Amended Complaint.

34.     Defendant Whitby lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 34 of the Amended Complaint.

35.     Denied.

36.     The allegations contained within paragraph number 36 are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required defendant Whitby denies the allegations and demands strict proof at trial.

<u>COUNT I: Violation of Eighth Amendment- Failure to Protect</u>
**(Defendants Hall and Whitby)**

37.     The responses set forth in paragraphs 1 through 36 are incorporated herein by reference as if fully set forth herein.

38.     The allegations contained within paragraph number 38 are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required defendant Whitby denies the allegations and demands strict proof at trial.

39.     Denied.

40.     The allegations contained within paragraph number 40 are the legal conclusions of the pleader to which no response is required by this defendant.

41.     This defendant admits that any act he committed was in the scope of his employment as an employee of the District of Columbia.

42.    The allegations set forth in paragraph 42 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

43.    The allegations set forth in paragraph 43 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

44.    The allegations contained within paragraph number 44 are the legal conclusions of the pleader to which no response is required by this defendant.

45.    The allegations set forth in paragraph 45 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

46.    Denied.

## COUNT II: Violation of Eighth Amendment- Failure to Protect
### (Defendants District, Waldren, Hall)

47.    The responses set forth in paragraphs 1 through 46 are incorporated herein by reference as if fully set forth herein.

48.    The allegations set forth in paragraph 48 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

49.    The allegations set forth in paragraph 49 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

50.    The allegations set forth in paragraph 50 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

51.    The allegations set forth in paragraph 51 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

52.    The allegations set forth in paragraph 52 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

## COUNT III:   Violation of Eighth Amendment-Failure to Train and Supervise
### (Defendants District, Brown, Waldren)

53.    The responses set forth in paragraphs 1 through 52 are incorporated herein by reference as if fully set forth herein.

54.    The allegations set forth in paragraph 54 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

55.    The allegations set forth in paragraph 55 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

56.    The allegations set forth in paragraph 56 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

57.    The allegations set forth in paragraph 57 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

58.    The allegations set forth in paragraph 58 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

## COUNT IV: Negligent Supervision of inmates
### (Defendants District, Brown, Waldren, Hall, Whitby)

59.    The responses set forth in paragraphs 1 through 58 are incorporated herein by reference as if fully set forth herein.

60.    The allegations contained within paragraph number 60 are the legal conclusions of the pleader to which no response is required by this defendant.

61.    Denied.

62.    Denied.

63.    Denied.

## COUNT V: Negligent Training of Staff and Agents
### (Defendants District, Brown, Waldren)

64.    The responses set forth in paragraphs 1 through 63 are incorporated herein by reference as if fully set forth herein.

65.    The allegations set forth in paragraph 65 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

66.    The allegations set forth in paragraph 66 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

67.    The allegations set forth in paragraph 67 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

68.    The allegations set forth in paragraph 68 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

69.    The allegations set forth in paragraph 69 are not directed to this defendant, and contain legal conclusions.  Therefore, no response is required by this defendant.

## COUNT VI: Violation of Eighth Amendment- Deliberate Indifference
### (Defendant Whitby)

70.    The responses set forth in paragraphs 1 through 69 are incorporated herein by reference as if fully set forth herein.

71.    The allegations contained within paragraph number 71 are the legal conclusions of the pleader to which no response is required by this defendant.  To the extent a response is required, this defendant denies that he acted with deliberate indifference or

otherwise violated plaintiff's constitutional rights under the Eighth Amendment as alleged in paragraph number 71.

72.    Denied.

73.    Denied.

74.    The allegations contained within paragraph number 74 are the legal conclusions of the pleader to which no response is required by this defendant.

75.    Denied.

Further answering, this defendant denies all allegations of wrongdoing, intentional or otherwise, not specifically admitted to or otherwise answered.

## THIRD DEFENSE

Plaintiff cannot prove facts sufficient to maintain a constitutional cause of action against defendant Whitby pursuant to the Eighth Amendment.

## FOURTH DEFENSE

Plaintiff may have failed to fully exhaust his administrative remedies.

## FIFTH DEFENSE

The actions of defendant Whitby , engaged in the scope of employment, were taken in good faith and with a reasonable belief in their lawfulness, and/or the actions taken by the defendant Whitby, engaged in the scope of employment, may have been the result of privilege.

## SIXTH DEFENSE

The actions of defendant Whitby complied with all applicable laws and met or exceeded all applicable standards of care.

## SEVENTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries were the result of his own intentional, illegal or otherwise wrongful conduct.

## EIGHTH DEFENSE

If plaintiff was injured and damaged as alleged in the Amended Complaint, such injuries and damages were the result of his own sole or contributory negligence and/or his assumption of the risk, and/or the acts of a third party.

## NINTH DEFENSE

This action may be barred by the doctrine of laches and/or the applicable statutes of limitations.

## TENTH DEFENSE

Plaintiff may have failed to mitigate his damages.

## ELEVENTH DEFENSE

The action may be barred by issue or claim preclusion, or not yet have accrued.

## TWELFTH DEFENSE

Defendant Whitby is not liable for the actions of employees of the District of Columbia or third parties not associated with the District.

## THIRTEENTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, then such injuries and/or damages were caused by superseding causes not within Defendant Whitby 's control.

## FOURTEENTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, said injuries and/or damages were not caused by a breach of duty owed Plaintiff by this Defendant.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to recover from this defendant for his common law tort claims based on principles of *respondeat superior.*

## SIXTEENTH DEFENSE

Plaintiff may not obtain punitive damages against Defendant Whitby

## SEVENTEENTH DEFENSE

Defendant Whitby is entitled to qualified immunity.

### Jury Trial Demand

Defendant Whitby demands a trial by a jury of twelve (12).

Defendant Whitby reserves the right to amend his answer pursuant to Federal Rule of Civil Procedure 15.

WHEREFORE, having fully answered, defendant Whitby urges the Court to dismiss the Amended Complaint with prejudice and award costs and attorney's fees to this defendant.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

\_\_\_\_\s\_____

PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


\_\_\_\_\s\_____

MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., 6th Floor South
Washington, DC 20001
(202) 724-6649; (202) 727-6295
(202) 727-3625 (fax)
E-mail:Michael.Bruckheim@dc.gov