**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MILTON PRICE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 07-884 (RBW) |
| : | |
| DISTRICT OF COLUMBIA, *et al.*, : | |
| : | |
| Defendants. : | |
| _____: | |

### DEFENDANT STANLEY WALDREN'S CONSENT MOTION FOR LEAVE TO LATE FILE HIS RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Stanley Waldren <hereinafter "defendant">, by and through counsel, herein moves pursuant to Fed. P. Civ. R. 6(b)(2) to late file his response to plaintiff's amended complaint, and states as follows:

1. Defendant Waldren's response to plaintiff's amended complaint was due on July 31, 2007. *See* Court Docket, #7.

2. Even though defendant Waldren had waived service, undersigned counsel was not aware that his response was due on July 31, 2007. Counsel for plaintiff informed undersigned counsel on August 3, 2007 that Waldren's response was overdue. Counsel for plaintiff then graciously consented to defendant's Waldren filing a response on August 6, 2007. Undersigned counsel apologizes for his oversight.

3. Fed. Civ. P. R. 6(b) states that, ""[w]hen by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the Court for cause shown may at any time in its discretion (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. Defendant Waldren believes that he

has met the requirements of Rule 6(b)(2), and plaintiff will not be unduly prejudiced by the granting of this motion.

4. Defendant Waldren's response is being filed contemporaneously with this motion as Exhibit #1.

5. As noted above, counsel for plaintiff has consented to the relief requested in this motion.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        \_\s\_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

        \_\_\s\_____
        MICHAEL P. BRUCKHEIM [455192]
        Assistant Attorney General
        441 4TH Street, NW, 6th Floor-South
        Washington, D.C. 20001
        (202) 724-6649; (202) 727-6295
        michael.bruckheim@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MILTON PRICE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | C.A. No. 07-884 (RBW) |
| DISTRICT OF COLUMBIA, *et al.*, : | |
| : | |
| Defendants. : | |
| _____: | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STANLEY WALDREN'S CONSENT MOTION FOR LEAVE TO LATE FILE HIS RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT**

In support of his consent motion for leave to late file his response to plaintiff's amended complaint, defendant Waldren cites and relies upon the following list of authorities:

1. Federal Rules of Civil Procedure, Rule 6(b)(2).

2. Plaintiff's consent.

3. The Court's equitable powers.

4. The record herein.

                                                Respectfully submitted,

                                                LINDA SINGER
                                                Attorney General for the District of Columbia

                                                GEORGE C. VALENTINE
                                                Deputy Attorney General, Civil Litigation Division

                                                \_\_\\s\_____
                                                PATRICIA A. JONES [428132]
                                                Chief, General Litigation Sec. IV

\_\_\_\s\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail:  Michael.bruckheim@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MILTON PRICE, | : |
| Plaintiff, | : |
| v. | : |
| | : C.A. No. 07-884 (RBW) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendants. | : |
| _____ | : |

## **ORDER**

Upon consideration of defendant Stanley Waldren's consent motion for leave to late file his response to plaintiff's amended complaint, any opposition thereto, and the record herein, it is this \_\_\_\_ day of _____, 2006,

ORDERED: that defendant Waldren's motion is hereby granted; and it is,

FURTHER ORDERED: that defendant Waldren's response is hereby accepted for filing.

_____
Judge Reggie B. Walton

**Exhibit 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON PRICE, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | :   C.A. No. 07-884 (RBW) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| | : |
|     Defendants. | : |

### DEFENDANT STANLEY WALDREN'S MOTION TO DISMISS
### PLAINTIFF'S AMENDED COMPLAINT

Defendant Stanley A. Waldren (hereafter "Waldren"), by and through counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Court for an Order dismissing plaintiff's amended complaint with prejudice, on the basis that plaintiff has failed to state a claim against him for which he is entitled to relief. The suit against defendant Waldren is an official-capacity suit, and plaintiff must look to the District of Columbia as the proper party defendant for his requested relief. In support of his motion, defendant Waldren refers this Court to the attached memorandum of points and authorities.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General for the District of Columbia
        Civil Litigation Division

        /s/ Patricia A. Jones_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

/s/ Michael P. Bruckheim_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295
michael.bruckheim@dc.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MILTON PRICE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : C.A. No. 07-884 (RBW) |
| DISTRICT OF COLUMBIA, <u>et al.</u>,, | : |
| | : |
| Defendants. | : |
| _____ | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STANLEY WALDREN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff filed the amended complaint on June 1, 2007, against the District of Columbia, Stanley Waldren, Stanley Waldren, Bernard Hall, and Austin Whitby. Plaintiff alleges that on or about August 22, 2006, he was assaulted by his cellmate several hours after he asked defendant Hall to remove him from the cell. *See* Amended Complaint, at ¶¶ 22-24. Plaintiff claims that he was stabbed by his cellmate and suffered injuries as a result of the attack. *Id.*, at ¶¶ 24, 34. Plaintiff seeks damages against defendant Waldren pursuant to 42 U.S.C. § 1983 for alleged violations of the Eighth Amendments for failure to train and supervise, and for damages for alleged negligent supervision of inmates and negligent training. *See* Amended Complaint, *generally*.

For the following reasons, defendant Waldren is entitled to dismissal of the Amended Complaint against him as a matter of law.

## ARGUMENT

    A.    **Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief. The Supreme Court has held that the proper test for the sufficiency of a pleading under Rule 12(b)(6) is whether the claim the Complaint purports to set forth is "plausible." *See Bell Atlantic Corp. v. Twombly*, 2007 U.S. LEXIS 5901 (May 21, 2007). The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).

    B.    **Plaintiff's action against defendant Stanley Waldren in his official-capacity must be dismissed.**

Plaintiff has sued defendant Waldren only in his official-capacity. Other than plaintiff's conclusory allegations that defendant Waldren knew or should have known of the need for training, there are no specific allegations set forth in plaintiff's Complaint that defendant Waldren had any personal involvement in the incident(s) that gave rise to plaintiff's injuries. *See* Amended Complaint, *generally*.

In the District of Columbia Circuit, government officials sued in their official capacities are not personally liable for damages. Instead, a plaintiff must look to the municipality. *See Atchinson v. District of Columbia,* 73 F.3d 418, 424 (D.C. 1996)( citing *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). This is based on the well settled proposition that a section 1983 suit for damages against municipal officials in their official capacities is equivalent to a suit against the municipality itself. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (holding that an official capacity suit against a state officer "is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself").

Contrary to plaintiff's assertion, courts have routinely dismissed corresponding claims against individuals named in their official capacity as "redundant and an inefficient use of judicial resources." *Robinson v. District of Columbia,* 403 F. Supp. 2d 39, 49 (D.D.C. 2005).

Defendant Waldren's position is further supported by the U.S. Supreme Court, which has ruled upon the issue of official-capacity suits. The Supreme Court has held that,

> Official-capacity suits.. ."generally represent only another way of pleading an action against an entity of which an officer is an agent." [Citation omitted.] As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation omitted.] ...the real party in interest is the entity. Thus, ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985).

In this case, defendant's Brown presence in this would be duplicative as he is being named in his official capacity only, and the District is already a party defendant. Moreover, plaintiff is not entitled to duplicative recovery and must look to the District for any requested relief. Consequently, defendant Waldren should be dismissed.

## **CONCLUSION**

Plaintiff's action against defendant Stanley A. Waldren is an official-capacity suit and must be dismissed.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/ Michael P. Bruckheim_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4th Street, N.W., Sixth Floor North
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295
michael.bruckheim@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MILTON PRICE, | : |
| Plaintiff, | : |
| v. | : |
| | : C.A. No. 07-884 (RBW) |
| DISTRICT OF COLUMBIA, et al.,, | : |
| Defendants. | : |

**ORDER**

Upon consideration of defendant Stanley Waldren's Motion to Dismiss Plaintiff's Amended Complaint, plaintiff's response thereto, if any, and the record herein, it is this

_____ day of _____, 2007,

ORDERED: that Stanley Waldren's Motion to Dismiss is hereby GRANTED for the reasons set forth in his motion, and it is,

FURTHER ORDERED: that plaintiff's action shall be dismissed against Stanley Waldren with prejudice.

_____
Judge Reggie B. Walton