UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
MILTON PRICE,                          )
    Plaintiff                                 )
                                                    )
                                                    )
            v.                           )     Case No. 07-884 (RBW)
                                                    )
DISTRICT OF COLUMBIA, et. al.   )
    Defendants                              )
                                                    )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANT STANLEY WALDREN'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

      Plaintiff, Milton Price, filed his amended complaint on June 1, 2007 against the District of Columbia, Devon Brown, Stanley Waldren, Bernard Hall, and Austin Whitby for constitutional violations and D.C. common law negligence violations of his rights while he was incarcerated at D.C.'s Central Detention Facility (hereinafter, "the D.C. Jail" or the "Jail"). Mr. Price was stabbed on August 22, 2006 by his cellmate after asking defendant Hall that he be moved to a safer location. (Amended Complaint at ¶¶ 20-26) Defendant Waldren was employed by the District of Columbia as the Warden of the Jail at all times relevant to the complaint. As Warden, he was responsible for the care and custody of prisoners committed to the custody of the Department of Corrections housed at the D.C. Jail, and had a duty to provide them with reasonable care.

      In his motion to dismiss all claims against him from Plaintiff's amended complaint, Defendant Waldren argues; that because he is sued in his official capacity, the suit against Defendant Waldren is duplicitous. Plaintiff disagrees that this argument is a sufficient basis for dismissal in this case for the following reasons:

1) an official capacity suit against an individual need not be dismissed in all situations where the plaintiff has named the entity as a party, and

2) the Plaintiff has alleged common law negligence claims that do not depend upon Defendant Waldren's official or individual capacity.

### A.   Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).

In evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view the complaint in the light most favorable to the plaintiff, "granting plaintiff the benefit of all inferences that can be derived from the facts alleged." Canales v. Paulson, 2007 U.S. Dist. Lexis 50924, at *12 (D.D.C. July 16, 2007) *quoting* Barr v. Clinton, 370 F.3d. 1196, 1199 (D.C. Cir. 2004).  The Plaintiff must establish a set of facts consistent with the allegations in the complaint and the "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (U.S. 2007).  In this instance, Plaintiff has alleged, that supervisory staff, including Defendant Waldren failed to train and supervisor correctional officer staff in the techniques for ensuring his safety, and this failure is the proximate cause of his injuries.

### B.   A Suit against a government official in his or her official capacity need not be dismissed simply because the Plaintiff also names the District of Columbia.

Defendant Waldren cites to Kentucky v. Graham, 473 U.S. 159 (1985), for the proposition that a suit against an individual in his official capacity is to be treated as a suit against the government.  (Motion to Dismiss at Part B.)  This is settled law. However, nothing in Graham would preclude a suit against a government actor in his or

her official capacity when the municipality is also named. The Court in <u>Kivanc v. Ramsey</u>, came to exactly that conclusion where the plaintiff sued both the District of Columbia and the Police Chief in his official capacity stating, "[N]one of the cases cited by defendants hold that a local official may not be sued in his official capacity when the municipality itself is also sued, and the Court is confident that defendants will suffer no prejudice as a result of Chief Ramsey's name appearing in the case caption." 407 F. Supp. 2d 270, 273 (D.D.C. 2006). Similarly, the other defendants in the instant case will not be prejudiced as a result of Warden Waldren remaining in this case.

      Moreover, just because there is no practical difference between a suit against the entity and a suit against a government actor in his official capacity for purposes of relief available, does not mean that the complaint lacks validity or must summarily fail. <u>See</u> <u>Chase v. City of Portsmouth</u>, 428 F. Supp. 2d 487, 489 (E.D.Va. 2006). "Simply because a claim is redundant does not necessarily mean that the complaint is invalid." <u>Id</u>. at 489.

      Finally, Defendant Waldren asserts that there are no specific allegations set forth in the Complaint that Defendant Waldren had any personal involvement in the incident(s) that gave rise to Plaintiff's injuries. (Motion to Dismiss at Part B.) However, Plaintiff noted in Paragraph 36 of the Complaint that all DCDC officials failed to respond to his appeals to his grievance about the stabbing. Mr. Price received a letter from William J. Smith in November 2006 responding to his initial grievance, and on his own appealed to the Deputy Director of the Department of Corrections in December 2006. Upon receiving no response, Plaintiff appealed through counsel, notifying Defendant Brown of his appeal by letter dated February 15, 2007. To date, the DOC has failed to respond to Plaintiff's appeal letter. Plaintiff has filed suit against Defendant Waldren in his official

capacity with the clear intention that the Department of Corrections must be visibly held accountable for the harms it, as an agency of the District of Columbia has perpetuated upon him.

The Department of Corrections for the District of Columbia (DOC) is itself not a proper party for suit. Agencies or bodies within the District of Columbia cannot be sued as separate entities, unless a statutory provision provides otherwise. Ray v. District of Columbia, 535 A.2d 868, 870 n. 2 (D.C. 1987); see also Tschanneral v. District of Columbia Board of Education, 594 F. Supp. 407, 409 (D.D.C. 1984) (distinguishing D.C. Board of Education as a non-suable entity because the D.C. Code provision establishing the Board is silent on the issue.) Defendant Waldren, as the Warden of the DC Jail, is subject to suit, and his position is symbolic of the authority the Jail- and its Warden- has over people like Mr. Price. The ability to hold a public official accountable for his office is a valid reason to sue the office holder in his official capacity. See Chase, 428 F. Supp. 2d at 489-90 ("Naming [the government actors] specifically in the case, even though damages cannot be obtained from them, does provide a certain level of public accountability.").

### C. Plaintiff raises common law claim against Defendant Waldren which preclude him from being summarily dismissed from the suit.

Defendant Waldren should not be dismissed from the suit because Plaintiff's common law claims for negligent supervision of inmates and negligent training and supervision of staff can remain, at the Court's discretion, under the Court's supplemental jurisdiction even if the constitutional claims against him in his official capacity are dismissed. See 28 U.S.C. § 1367(c) (2006); Diven v. Amalgamated Transit Union Int'l et.al., 38 F.3d 598, 600-601 (D.C. Cir. 1994) (stating that the statute "fairly exudes

-4-

deference to judicial discretion" with regard to federal courts maintaining jurisdiction over state court claims). Defendant Waldren does not explain why the court should dismiss the common law claims in his memorandum of points and authorities, but nonetheless moves the Court to dismiss him entirely from the action. Mr. Waldren must remain a party to the action to defend against the common law claims.

Negligence claims against a government and its agents are not protected by the same immunities for these claims as for the constitutional claims under 42 U.S.C. § 1983. Instead the government actor's liability rests on whether his actions were discretionary or ministerial. See Powell v. District of Columbia, 602 A. 2d 1123, 1126 (D.C. 1992) ("It is now 'settled that a District officer . . . [is] protected by sovereign immunity if the officer's acts are 'discretionary,' but subject to liability if the acts were 'ministerial' in character.'"(internal citation omitted)). Consequently, Defendant Waldren's designation in the case as being sued in his "official" capacity is not relevant to the analysis of his liability under the common law.

## CONCLUSION

For the foregoing reasons, Defendant Waldren's Motion to Dismiss must be dismissed.

                                      Respectfully Submitted,
                                      /s/ Ivy A. Lange
                                    Eric Dubelier, D.C. Bar # 419412
                                    Allison M. Lefrak, D.C. Bar #485650
                                    REED SMITH, LLP
                                    1301 K Street, N.W.
                                    East Tower – Suite 1100
                                    Washington, D.C. 20005
                                    (202) 414-9200
                                    Counsel for Milton Price

                                    Philip Fornaci, D.C. Bar # 434824

Ivy A. Lange, D.C. Bar # 488147
Washington Lawyers' Committee for
Civil Rights & Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000
Counsel for Milton Price

## CERTIFICATE OF SERVICE

The foregoing Opposition to Defendant Stanley Waldren's Motion to Dismiss Plaintiff's Amended Complaint was served via Electronic Case Filing on August 17, 2007 on all parties to the action.

                                                                  /s/ Ivy A. Lange

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
MILTON PRICE,                            )
        Plaintiff                                )
                                                    )
                                                    )
            v.                                    )          Case No. 07-884 (RBW)
                                                    )
DISTRICT OF COLUMBIA, et. al.    )
        Defendants                           )
                                                    )
_____)

**ORDER**

It is this _____ day of _____, 2007 ORDERED that Defendant Stanley Waldren's Motion to Dismiss Plaintiff's Amended Complaint is Hereby DENIED.

_____
REGINALD B. WALTON
United States District Judge