**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MILTON PRICE, | : |
| Plaintiff, | : |
| v. | : |
| | : C.A. No. 07-884 (RBW) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendants. | : |

**DEFENDANT STANLEY WALDREN'S REPLY TO PLAINTIFF'S OPPOSITION TO HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Stanley Waldren (hereafter "Waldren"), by and through counsel, and pursuant to LCvR 7(d),,hereby submits the following Reply to Plaintiff's Opposition to his Motion to Dismiss Plaintiff's Amended Complaint.

**A.   Plaintiff's Action against Defendant Stanley Waldren in his Official Capacity Must Be Dismissed.**

Plaintiff has sued defendant Waldren in his official-capacity only. Plaintiff argues that there is nothing to preclude a suit against defendant Waldren, and that there is no prejudice in keeping this defendant as a party in this case. Defendant Waldren respectfully disagrees. In the District of Columbia Circuit, government officials sued in their official capacities are not personally liable for damages. Instead, a plaintiff must look to the municipality. *See Atchinson v. District of Columbia,* 73 F.3d 418, 424 (D.C. 1996)( citing *Kentucky v. Graham,* 473 U.S. 159, 166 (1985).

Plaintiff's assertion that defendant Waldren would suffer no prejudice if he remains in the suit is misguided. Waldren is prejudiced by requiring him to defend an action that clearly should be maintained solely against the municipality. Courts have routinely dismissed

corresponding claims against individuals named in their official capacity as "redundant and an inefficient use of judicial resources." *Robinson v. District of Columbia,* 403 F. Supp. 2d 39, 49 (D.D.C. 2005). Although plaintiff argues that there is no reason to preclude a suit against defendant Waldren, plaintiff also has failed to proffer any reasons why Waldren *should* be a defendant.

In this case, defendant's Waldren presence in this would be duplicative as he is being named in his official capacity only, and the District is already a party defendant. Moreover, an application of the established case law in the District would clearly show that plaintiff is not entitled to duplicative recovery and must look to the District for any requested relief. Accordingly, defendant Waldren is entitled to dismissal.

**B. Defendant Waldren is Entitled to Dismissal of the Negligence Claims Against Him under the *Respondeat Superior* Doctrine.**

Plaintiff seeks to proceed against defendant Waldren in this case on a theory of negligent training and supervision. However, the District concedes that defendant Waldren was engaged in the scope of his employment at all times relevant to the events alleged in the amended complaint. As a result, the negligent training and supervision claim against defendant Waldren is an unnecessary, duplicative theory of liability against this defendant, and dismissal is appropriate.

A number of courts have held that where the existence of *respondeat superior* is conceded, evidence of negligent supervision and training should be excluded. In *Hackett v. Washington Metro. Area Transit Auth.*, 736 F. Supp. 8 (D.C. 1990), a bus passenger asserted two claims against the employer of the defendant driver: 1) *respondeat superior* for the negligence of the driver, and 2) negligent supervision, hiring, and retention by the employer. The employer conceded that the driver was acting within the scope of his employment, and then moved to

2

dismiss the negligent supervision claim. The court granted the motion, stating that the negligent supervision claim "would be prejudicial and unnecessary and should be dismissed." *Id.* at 11.

In *Curry v. Giant Food*, 522 A.2d 1283 (D.C. 1987), a customer was arrested for shoplifting, and filed a complaint for assault and battery and for false arrest. The employer conceded that its employees had been acting in the scope of their employment at all times, and moved the court to exclude evidence of negligent training and supervision. The court granted the motion, holding that such evidence did not have "any relevance whatsoever." *Id.* at 1289. The court further held:

> [W]here the liability of the principal for the conduct of its agents is not disputed, it was not incumbent upon the trial court to admit evidence [of negligent training] ultimately to establish a matter conceded.

*Id.* at 1290.

The doctrine of *respondeat superior* provides the proper vehicle for a direct action aimed at recovering the damages resulting from an alleged wrongful act committed by an employee within the scope of his employment. Plaintiff has asserted his negligence claims against the District. To maintain the same claims[1] against defendant Waldren when it is undisputed that this defendant was acting within the scope of his employment as a District employee, would be prejudicial to defendant Waldren, and not judicially economical. The District is a defendant in this action and may be held liable for any negligent acts committed by defendant Waldren during the scope of his employment. *Sebastian v. District of Columbia,* 636 A.2d 958, 960 (D.C. 1994). *See also Tindall v. Enderle*, 162 Ind. 524, 320 N.E.2d 764, 768 (1974) (holding 'proof of the

---

[1] Plaintiff argued in his Reply that a negligence claim against defendant Waldren could be gleaned from paragraph #36 of his Amended Complaint, which alleged that no DOC officials responded to plaintiff's grievances filed after the incident. Defendant Waldren notes that nowhere in plaintiff's Amended Complaint does he assert a specific cause of action against *any* defendants for failure to respond to his grievances. Defendant Waldren further notes that the subject matter of plaintiff's Amended Complaint does not concern any allegations of wrongdoing by any defendants *after* the date of the alleged stabbing. Accordingly, defendant Waldren submits that plaintiff's argument on this issue should be rejected.

3

additional elements of negligent hiring [and training] under such circumstances is not relevant to the issues in dispute, is wasteful of the court's time and may be unnecessarily confusing to a jury'); *see, also, Lange v. B & P Motor Express, Inc.*, 257 F. Supp. 319, 324 (N.D. Ind. 1966).[2] Based on the foregoing, defendant Waldren is entitled to dismissal.

> Respectfully submitted,
>
> LINDA SINGER
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division
>
> /s/ Patricia A. Jones_____
> PATRICIA A. JONES [428132]
> Chief, General Litigation, Section IV
>
> /s/ Michael P. Bruckheim_____
> MICHAEL P. BRUCKHEIM [455192]
> Assistant Attorney General
> 441 4th Street, N.W., Sixth Floor North
> Washington, D.C. 20001
> (202) 724-6649; (202) 727-6295
> michael.bruckheim@dc.gov

---

[2] Defendant Waldren recognizes that *Tindall* and *Lange* are not binding upon this Court, but hopes the Court would find their reasoning persuasive.

4