UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MILTON PRICE,                       )
        Plaintiff                   )
                                    )
                                    )
            v.                      )    Case No. 07-884 (RBW)
                                    )
DISTRICT OF COLUMBIA, et. al.       )
        Defendants                  )
                                    )
_____)

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS'
REPLY TO PLAINTIFF'S OPPOSITION TO STANLEY WALDREN'S MOTION
TO DISMISS**

## I. INTRODUCTION

Defendants' reply brief raises at least one new matter in the form of new arguments which Plaintiff has not had the opportunity to address. This Surreply briefly explains why Defendants' new arguments do not apply in the case at hand, and why Defendant Waldren must not be dismissed from this case.

## II. ARGUMENT

### A. Defendant's New Argument Misinterprets Plaintiffs Claim for Negligent Supervision of Inmates

Defendant Waldren argues that he should not remain in this case because the theory of *respondeat superior* applies where an employer is being held liable for the torts of his employees, and that a "negligent supervision" claim would be an attempt to overextend the liability of the employer for an employee's actions. However, that argument lumps together plaintiff's distinct negligence claims. In count IV of his Complaint, Plaintiff has alleged not that the employer was negligent in supervising

employees of the department, but that he was negligent, along with others, in the negligent supervision of the inmates. (Complaint at ¶61.) Supervision of inmates is not analogous to negligent training or supervision of employees. *See* United States v. Muniz, 374 U.S. 150 (1960) (allowing separate claim for negligent supervision of inmates). The cases defendant cites in support of his argument can be distinguished from the present case. Both Hackett v. Washington Metro. Area Transit Auth., 736 F. Supp. 8 (D.C. 1990) and Curry v. Giant Food, 522 A.2d 1283 (D.C. 1987), attempt to hold the employer liable for negligent hiring and supervision of employees when the plaintiffs have also sued for the negligent acts of the employee.

In *Hackett*, the question was whether evidence of the employee driver's prior driving record could be admitted as evidence to prove negligent hiring, supervision, and retention. Hackett 736 F. Supp. at 9. The issue of the employee's actions as negligent had not yet been decided, even though it was admitted that he was within the scope of his employment. Id. It is not apparent that the driver in that case had been dismissed from the case altogether, as Defendant Waldren is requesting. Here, plaintiff's claim is that Mr. Waldren was responsible for supervising the inmates at the Jail and that he was negligent in carrying out that responsibility. He is in essence the "driver" whose actions in negligence have yet to be determined. Whether the District can ultimately assume his liability does not automatically call for his dismissal from the case.

In *Curry*, the individual defendants were sued for negligence counts of "three distinct wrongful acts: (1) assault and battery, (2) slander, and (3) false arrest and imprisonment" *Curry*, 522 A.2d, 1285. The employer, Giant Food Company, was also a

defendant in the case, not a replacement for the employees, even though the company could have ultimately been held responsible for the torts of its employees.

Thus, Defendant Waldren should not be dismissed from Count IV of Plaintiff's complaint. As plaintiff briefed in their Opposition to Defendant Waldren's Motion to Dismiss, the government actor's liability rests on whether his actions were discretionary or ministerial. See Powell v. District of Columbia, 602 A. 2d 1123, 1126 (D.C. 1992). That question, regardless of the District's *respondeat superior* liability, can be answered only by maintaining Defendant Waldren as a party to the action.

### B. Defendant's New Argument Fails Under Two Analyses

Defendant's primary assertion in his Reply to Plaintiff's Opposition to his Motion to Dismiss, is that he was acting within the scope of his employment, and therefore, if any liability attaches, the District of Columbia is the responsible party. The Plaintiff does not dispute that he reads the law correctly on this point; however, with respect to the remaining negligence claim, his argument is confusing and must fail.

Count V of Plaintiff's complaint alleges negligent supervision and training of correctional officers. This is similar to the claim that, in *Hackett* and *Curry,* was raised against the relative employers. See *Hackett,* 736. F. Supp. at 9; *Curry,* 522 A.2d at 1289. It is unclear whether Defendant Waldren is applying his defense in the role of employer or employee as to this negligence claim. Plaintiff challenges the argument from both points of view.

#### 1. As An Employer, Defendant Cannot Invoke *respondeat superior*

In his reply, Defendant Waldren concedes that he acted within the scope of his employment, then goes on to say that as a result, the negligent supervision and training

claim cannot be applied to him. However, the cases that he cites make it clear that the entity for whom the negligent supervision and training claims are superfluous is the employer. See *Hackett,* 736. F. Supp. at 9; *Curry,* 522 A.2d at 1289.

Defendant Waldren may be analogous to an employer relative to the other defendants in the case.[1] In order to invoke the doctrine of *respondeat superior* it is necessary to have an employer/employee relationship. *See Boykin v. District of Columbia*, 484 A.2d 560, 563 (D.C. 1984). As the Acting Warden of the DC Jail, it is plausible to assume that, to some degree, the defendant had some control over hiring and firing (at least in terms of recommendation), control over employee work schedules, and maintained employee records and could thus be considered more analogous to an employer than an employee. Plaintiff's Count V is made only against the District of Columbia, Director Brown, and Warden Waldren. The remaining defendants, Austin Whitby and Bernard Hall, are not included because the claim relates to their supervision. Neither Whitby nor Hall has conceded that they were acting within the scope of employment. Consequently, plaintiff brings his claims against those with authority over them, for the negligent actions of Hall and Whitby. This type of claim is proper where the liability for the actions of the employees, or in this case subordinates, is in dispute. *Curry*, 522 A.2d at 1290.

### 2. The nature of a claim for negligent supervision rules out a determination that Defendant is an employee

The way defendant Waldren has stated his argument, admitting he acted within the scope of his employment, he could also be arguing that he is the employee in this scenario. By invoking the *respondeat superior* doctrine, defendant, District of Columbia would be assuming liability for actions taken by an employee, but this would not exclude

---

[1] Plaintiff is aware that all of the named defendants are employees of the District of Columbia.

defendant Waldren from suit. At most, it would dismiss Count V, negligent training and supervision, as against the District as duplicitous. It is a peculiar argument indeed if Waldren is asserting that he is an employee who is alleged to have failed to train and supervise employees for whom the District of Columbia should assume *respondeat superior* liability.

### III. CONCLUSION

For the foregoing additional reasons, Defendants' Motion to Dismiss should be denied.

Respectfully Submitted,

/s/ Ivy A. Lange
Eric Dubelier, D.C. Bar # 419412
Allison M. Lefrak, D.C. Bar #485650
REED SMITH, LLP
1301 K Street, N.W.
East Tower – Suite 1100
Washington, D.C. 20005
(202) 414-9200
Counsel for Milton Price

Philip Fornaci, D.C. Bar # 434824
Ivy A. Lange, D.C. Bar # 488147
Washington Lawyers' Committee for
Civil Rights & Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000
Counsel for Milton Price