UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MILTON PRICE                        )
                                    )
    Plaintiff,                      )    Case No. 07-884(RBW)
                                    )
        v.                          )
                                    )
DISTRICT OF COLUMBIA, et al.,       )
                                    )
    Defendants.[1]                  )
_____ )

**MEMORANDUM OPINION**

On June 1, 2007, the plaintiff filed an amended complaint against the defendants pursuant to 42 U.S.C. § 1983 (2006), alleging violations of the Eighth Amendment of the United States Constitution, District of Columbia Code § 24-211.02 (2004), and common law negligence. Amended Complaint ("Am. Compl.") ¶ 1. Currently before this Court are defendants Devon Brown's and Stanley Waldren's motions to dismiss the plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim upon which relief can be granted). Fed. R. Civ. P. 12(b)(6). Defendant Devon Brown's Motion to Dismiss Plaintiff's Amended Complaint ("Def. Brown's Mot.") at 1;[2] Defendant Stanley Waldren's Motion to

---

[1] The named defendants are: the District of Columbia, Devon Brown in his official capacity as the Director of the Department of Corrections, Stanley Waldren in his official capacity as the former Acting Warden of the District of Columbia Central Detention Facility, and Sergeant Bernard Hall and Correctional Officer Austin Whitby, Jr. in both their individual and official capacities as employees of the District of Columbia government.

[2] The defendants' motions are not paginated, so the Court has designated the page numbers for the motions in the order in which they were presented for ease of reference.

1

Dismiss Plaintiff's Amended Complaint ("Def. Waldren's Mot.") at 1.[3]  Upon consideration of the pleadings, the supporting memoranda submitted by the parties, and the applicable legal authority, the Court finds that the defendants' motions to dismiss must be granted for the reasons that follow.

## I.  FACTUAL BACKGROUND [4]

During August 2006, and all other times relevant to this lawsuit, the plaintiff, Milton Price, was incarcerated in the District of Columbia Central Detention Facility ("DC Jail").  Am. Compl. ¶ 5. On August 1, Price was moved to the Administrative Segregation Unit for using a cup the DC Jail considered to be contraband.  Id. ¶ 14.  While in that unit the plaintiff was assigned to share a cell with an inmate named "Dock" Roach, who was charged with homicide. Id. ¶ 15.  After discovering that Roach had "killed people," the plaintiff requested without success that he be moved to a different cell.  Id. ¶ 16.  On August 18, Price went before the Adjustment Board for a hearing regarding the contraband cup.  Id. ¶ 17.  The Adjustment Board sentenced him to time served and told him he would be moved from his cell in the Administration Segregation Unit and returned to general population.  Id.

---

[3] The following documents have also been filed in connection with the defendants' motions:  (1) Plaintiff's Opposition to Defendant Devon Brown's Motion to Dismiss Plaintiff's Amended Complaint ("Pl.'s Opp'n to Brown's Mot."); (2) Plaintiff's Opposition  to Defendant Stanley Waldren's Motion to Dismiss Plaintiff's Amended Complaint ("Pl.'s Opp'n to Waldren's Mot."); (3) Defendant Devon Brown's Reply to Plaintiff's Opposition to His Motion to Dismiss Plaintiff's Amended Complaint ("Def. Brown's Reply"); (4) Defendant Stanley Waldren's Reply to Plaintiff's Opposition to His Motion to Dismiss Plaintiff's Amended Complaint ("Def. Waldren's Reply"); (5) Plaintiff's Surrreply in Opposition to Defendants' Reply to Plaintiff's Opposition to Devon Brown's Motion to Dismiss ("Pl.'s Sur. Reply to Brown's Reply"); and (6) Plaintiff's Surreply in Opposition to Defendants' Reply to Plaintiff's Opposition to Stanley Waldren's Motion to Dismiss ("Pl.'s Sur. Reply to Waldren's Reply").

[4] The following facts are taken from the plaintiff's Factual Allegations section of his Amended Complaint.  Am. Compl. ¶¶ 11-36.

2

The plaintiff was not moved to general population following the hearing as he had been told and on August 20, after observing that Roach had made a makeshift knife, Price asked Correctional Officer Watson if he could be moved to an unoccupied cell in the Segregation Unit for his safety. Id. ¶¶ 19-20. Officer Watson told Price that he would have to wait until the next morning to request that he be moved to another cell. Id. ¶ 20. The following morning Price reiterated his request to Correctional Officer Berry and was yet again told he would have to wait until the following day to make his request, when he could direct it to Sergeant Hall. Id. ¶ 21. The next day while Price thought Roach was sleeping, he gave a note to Sergeant Hall wherein he asked to be moved to a different cell, stating "[t]here is too much tension in this cell." Id. ¶ 22. Roach apparently heard Mr. Price passing the note, somehow realized what Price was conveying in the note, and told Sergeant Hall that he "agreed there was tension in the cell and if Mr. Price was not moved, Mr. Roach would stab him." Id. ¶ 23. In response to Roach's statement, Sergeant Hall allegedly told Roach, "do what you do." Id. Approximately fifteen minutes later, Roach stabbed Price in the back of the head with a knife and then repeatedly punched him, including punching Price one time in the left eye. Id. ¶ 24.

During the early morning hours of August 23, 2006, Officer Whitby noticed blood on Price's head. Id. ¶ 26. Price again asked to be moved to a different cell and was told by Officer Whitby that it was "up to Sergeant Hall." Id. About an hour later, Corporal Satonya Eggleston noticed Price's injury and had him taken to the infirmary. Id. ¶¶ 32-33. At the infirmary, Price was examined by a physician's assistant and was then transported to Greater Southeast Community Hospital where he received 12 stitches for the injury to his head, and his eye was examined. Id. Price contends that his "previously perfect vision is [now] impaired" by

"decreased vision in his left eye and [that] he suffers from neck pain and headaches that he did not experience prior to [Roach's] assault." Id. ¶ 34.

      Price has brought this action against the District of Columbia government and several of its employees, including defendants Brown and Waldren. He asserts, among other things, that the District of Columbia, and Warden Waldren in his official capacity as the Acting Warden of the DC Jail, id. ¶ 8, violated his Eighth Amendment right not to be subjected to cruel and unusual punishment by failing to protect him from harm by another inmate. (Count II). Id. ¶¶ 47-52. He also asserts that his Eighth Amendment right was violated by the District of Columbia, Director Brown in his official capacity as the Director of the District of Columbia Department of Corrections ("DCDC"), and Warden Waldren in his official capacity, by failing to "properly train and supervise [DC Jail] officers and employees, and their agents" in the policies and procedures designed to protect inmates from assault by other inmates (Count III). Id. ¶¶ 54-58. Price further contends that under D.C. Code § 24-211.02 and the common law, the District of Columbia, and Director Brown and Warden Waldren, in their official capacities, negligently supervised the inmate population and thereby breached a duty they owed to him (Count IV). Id. ¶¶ 59-63. Finally, as to the District of Columbia, and Director Brown and Warden Waldren in their official capacities, Price alleges that they negligently trained their staff and agents "in the proper safekeeping, care, protection, instruction and supervision of inmates . . . ." (Count V). Id. ¶ 66; see also id. ¶¶ 64-69. Because of these alleged acts or omissions, Price is requesting compensatory and punitive damages, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 (2006), and "other relief as this Court deems just and proper." Id. at 15.

4

In their motions to dismiss, Brown and Waldren argue that they have been improperly named as parties in the case, having been sued solely in their official capacities as the Director of the DCDC and the Acting Warden of the DC Jail, respectively. Def. Brown's Mot. at 1; Def. Waldren's Mot. at 1. In their replies to the plaintiff's response to their motions to dismiss, defendants Brown and Waldren both also assert that they are entitled to dismissal of the negligence claims under the doctrine of respondeat superior. Def. Brown's Reply at 2; Def. Waldren's Reply at 2.

## II. STANDARD OF REVIEW

**Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be granted when the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, the "complaint is construed liberally in the plaintiff's favor, and [the court must] grant [the] plaintiffs the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Commc'n Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). The Court need not, however, "accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. ANALYSIS

Defendants Brown and Waldren move for dismissal on the ground that having been sued only in their official capacities, the claims against them are redundant of the claims filed against

5

the District of Columbia, and therefore they are not proper defendants in this action.[5] Def. Brown's Mot. at 1; Def. Waldren's Mot. at 1.  In opposition, the plaintiff responds that (1) precedent does not require a suit against a government official in his or her official capacity to be summarily dismissed, and (2) the common law claims of negligence against Brown and Waldren prevent them from being immediately dismissed because their "designation in the case as being sued in [their] 'official' capacity is not relevant to the analysis of [their] liability under common law."  Pl.'s Opp'n to Brown's Mot. at 2, 6; Pl.'s Opp'n to Waldren's Mot. at 2, 5.

In reply, Brown and Waldren argue that the common law claims of negligence against them should be dismissed because, under the doctrine of respondeat superior, "the negligent training and supervision claim against defendant[s] Brown [and Waldren are] unnecessary, duplicative theor[ies] of liability . . . [,]" and because the District of Columbia has acknowledged that Brown and Waldren were acting within the scope of their employment and therefore the District will already be liable for any proven negligence.  Def. Brown's Reply at 2; Def. Waldren's Reply at 2.  In his surreplies, the plaintiff responds that the claims against Brown and Waldren for their negligent supervision of the DC Jail inmate population (Count IV) are distinct and independent from his claim that they negligently supervised the DC Jail employees (Count V).  Pl.'s Sur. Reply to Brown's Reply at 1-2; Pl.'s Sur. Reply to Waldren's Reply at 1-2.  The plaintiff further argues that as to the negligent inmate supervision claims, the District's ultimate assumption of liability under respondeat superior is irrelevant to whether defendants Brown and

---

[5] Defendant Brown also moved to dismiss the claims against him based on qualified immunity.  Def. Brown's Mot. at 4.  Brown later withdrew this argument, conceding its inapplicability in a situation where an employee is sued only in his official capacity and not in his personal capacity.  Def. Brown's Reply at 1 n.1; see Kentucky v. Graham, 473 U.S. 159, 167 (1985) (internal citations omitted); Atchinson v. District of Columbia, 73 F.3d 418, 424 (D.C.Cir. 1996) ("stating that "qualified immunity [is] available only in individual capacity suits . . . .").

Waldren, as employers themselves, are liable for being "negligent, along with others, in the negligent supervision of the inmates."  Pl.'s Sur. Reply to Brown's Reply at 1-2; Pl.'s Sur. Reply to Waldren's Reply at 1-2.  Regarding his negligent claims directed at the training and supervision of the correctional officers, the plaintiff contends that whether defendants Brown and Waldren designate themselves as employers or employees is unclear, but, in either case, the doctrine of respondeat superior does not preclude them from being named as parties to this lawsuit.  Pl.'s Sur. Reply to Brown's Reply at 3-5; Pl.'s Sur. Reply to Waldren's Reply at 3-5. [6]

Because both the constitutional and tort claims against Director Brown and Warden Waldren were brought against them only in their official capacities as the Director of the DCDC and the Acting Warden of the DC Jail, respectively, the Court agrees with defendants Brown and Waldren that the claims against them are duplicative of the claims lodged against the District of Columbia.  For the reasons set forth below, Brown's and Waldren's motions to dismiss the claims against them as named defendants will be granted.

### A. The constitutional claims against Brown and Waldren

"A section 1983 suit for damages against municipal officials in their official capacities is [] equivalent to a suit against the municipality itself."[7]  Atchinson v. District of Columbia, 73

---

[6] Because the motions to dismiss are granted on the grounds that the claims against the defendants are duplicative of the claims against the District of Columbia, the Court need not and will not discuss what impact, if any, the doctrine of respondeat superior has on whether Brown and Waldren should be retained as named parties in this action.

[7] This truism would seemingly apply to actions seeking declaratory and injunctive relief as well.  Indeed, in a footnote the Supreme Court noted that "[t]here is no longer a need to bring official capacity actions against local government officials, for . . . local government units can be sued directly for damages and injunctive or declaratory relief."  Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) (citation omitted); see Chisholm v. Superior Court of the District of Columbia, No. 06-2174 (RBW), 2007 WL 1601718, at *2 n.4 (D.D.C. June 4, 2007) ("If the District of Columbia was named as a party to this action, there would be no need to require [the defendant] to remain as a

(continued...)

F.3d 418, 424 (D.C. Cir. 1996) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)). Furthermore, the Supreme Court in Graham stated that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." 473 U.S. at 166 (citation omitted).

Although neither the Supreme Court nor the District of Columbia Circuit have held that government officials sued in their official capacities in conjunction with suits also filed against the municipality should be summarily dismissed, this is the overwhelming approach that has been taken by members of this Court, as well as the position taken by other courts. This approach is based on the theory that retaining the official as a named defendant is a "redundant and an inefficient use of judicial resources." Chisholm v. Superior Court of the District of Columbia, No. 06-2174(RBW), 2007 WL 1601718, at *2 (D.D.C. June 4, 2007) (internal citations omitted); see, e.g., Cotton v. District of Columbia, 421 F. Supp. 2d 83, 86 (D.D.C. 2006) (dismissing a suit against the District of Columbia's Chief of Police, who was being sued only in his official capacity, because the official-capacity suit was deemed "redundant and [an] inefficient use of judicial resources . . . [and] . . . fail[ed] to state a claim upon which relief [could] be granted . . . ." (internal citations omitted)); Robinson v. District of Columbia, 403 F. Supp. 2d 39, 49-50 (D.D.C. 2005) (dismissing claims against the individual defendant brought against him in his official capacity as courts "routinely dismiss[] corresponding claims against individuals named in their official capacity"); Barnes v. District of Columbia, No. 03-2547(RWR), 2005 WL 1241132, at *3 (D.D.C. May 24, 2005) (granting motion to dismiss

---

(...continued)
party to this suit in her official capacity to acquire [] equitable relief . . . .").

because the "plaintiff's claims against the Mayor in his official capacity are duplicative of [the] plaintiff's claims against the District"); see also Jungels v. Peirce, 825 F.2d 1127, 1129 (7th Cir. 1987) ("Actually there is one defendant-the city-not two: for the complaint names the mayor as a defendant in his official capacity only, which is equivalent of suing the city." (citations omitted)); Lopez v. Maczko, No. 07-1382, 2007 WL 2461709, at *7-8 (E.D. Pa. August 16, 2007) (agreeing that official capacity claims are duplicative and dismissing the individual defendant).

The plaintiff raises two arguments against summarily dismissing defendants Brown and Waldren based on the redundancy of the claims argument. First, he contends that existing case authority does not require this Court to dismiss defendants Brown and Waldren just because the claims against them are redundant. And, he cites Kivanc v. Ramsey, 407 F. Supp. 2d 270 (D.D.C. 2006), as support for retaining Brown and Waldren as named defendants in this action. In Kivanc, the Court stated that the defendant had not cited any authority which held "that a local official may not be sued in his official capacity when the municipality itself is also sued," and the Court noted that it was "confident that [the] defendants [would] suffer no prejudice as a result of [the police chief's] name appearing in the case caption." Id. at 273. However, while neither the Supreme Court nor the District of Columbia Circuit have held that a municipal defendant sued in his or her official capacity in conjunction with the District of Columbia must be dismissed, summary dismissal is the norm in this jurisdiction; therefore, perceiving no meaningful reason to take a different approach, this Court adheres to the view that official capacity claims are not only redundant but also unnecessary when the municipality is also a named defendant. See Chisholm, 2007 WL 1601718, at *2 (noting that the two claims will "merge").

9

Second, the plaintiff argues that suing an official in his or her official capacity serves to hold a municipal entity like the DCDC publicly accountable when it otherwise could not be. See Arnold v. Moore, 980 F. Supp. 28, 33 (D.D.C. 1997) ("Governmental agencies of the District of Columbia are not suable entities, or non sui juris."). Here, the plaintiff argues that he named Director Brown and Warden Waldren as defendants with "the clear intention that the Department of Corrections [] be visibly held accountable for the harms it, as an agency of the District of Columbia [sic] has perpetuated upon him." Pl.'s Opp'n to Brown's Mot. at 4; Pl.'s Opp'n to Waldren's Mot. at 4. In support of this argument, the plaintiff cites Chase v. City of Portsmouth, 428 F. Supp. 2d 487 (E.D. Va. 2006), in which the plaintiffs sued the City of Portsmouth, Virginia and individual city council members in their official capacities pursuant to 42 U.S.C. § 1983 for violating their First Amendment Free Exercise and the Fourteenth Amendment Equal Protection rights. Id. at 488; Pl.'s Opp'n to Brown's Mot. at 4; Pl.'s Opp'n to Waldren's Mot. at 4. The Chase court noted that "[s]imply because a claim is redundant does not necessarily mean that the complaint is invalid." Id. at 489 (citations omitted). Furthermore, the court saw utility in retaining the officials as named defendants in that case because "even though damages [could not] be obtained from them, [naming them specifically in the case] provide[d] a certain level of public accountability." Id. at 490; see also Cole v. Buchanan County Sch. Bd., 504 F. Supp. 2d 81, 85 n.4 (W.D. Va. 2007) (citing Chase and then stating that "it is established that individual officers can be named in their official capacities even if the entity is also a party"). And the Chase court made special note that the officials there were "elected officials" and found that where such individuals "are alleged to have violated federal laws protecting a local constituency, public accountability is of utmost importance." Chase, 428 F. Supp. 2d at 490. The plaintiff

does not allege that either Brown or Waldren were elected to their positions, but in any event, because the ruling in Chase runs counter to the approach taken by most courts in this District, even when the official was elected to a position as illustrated by the aforementioned cases, this Court declines to adopt the approach taken in Chase.

In Counts II and III in this case, the plaintiff has filed a § 1983 claim against Director Brown and Warden Waldren solely in their official capacities and in conjunction with having filed suit also against the District of Columbia. Am. Compl. at 10-11. In addition, the plaintiff has provided "the government entity [] notice and an opportunity to respond," Graham, 473 U.S. at 166, having given proper notice of his claims as required by D.C. Code § 12-309 through a letter on December 18, 2006, Am. Compl. ¶ 4. Accordingly, the § 1983 claims brought against Brown and Waldren in their official capacities are dismissed.

### B.  The tort claims against Brown and Waldren

"'[A] tort action brought against city officials in their official capacities is equivalent to an action against the city itself.'" Robinson, 403 F. Supp. 2d at 49 (quoting Barnes, 2005 WL 1241132, at *3 (citing Estate of Phillips v. District of Columbia, 257 F. Supp. 2d 69, 84 (D.D.C. 2003))). Thus, in Estate of Phillips, the Circuit Court noted the long recognized reality that a "'suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.'" 455 F.3d 397, 400 n.3 (D.C. Cir. 2006) (quoting Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989)). Here, Counts IV and V assert negligence claims against defendants Brown and Waldren in their official capacities only; these claims are therefore also

11

duplicative of the claims against the District of Columbia, and the Court will dismiss those claims against defendants Brown and Waldren.[8]

## IV. CONCLUSION

For the aforementioned reasons, defendants Brown and Waldren's motions to dismiss the plaintiff's claims for monetary damages and equitable relief against them pursuant to Federal Rule of Civil Procedure 12(b)(6) are GRANTED.[9]

**SO ORDERED.**

/s/ _____
REGGIE B. WALTON
United States District Judge

---

[8] Although the plaintiff specifically accuses defendants Brown and Waldren of not responding to his grievances in accordance with DC Jail policy, Am. Compl. ¶ 36, this is not a basis for retaining them as named defendants in this action as suggested by the plaintiff. Moreover, as defendant Waldren notes, the plaintiff did not bring a claim against any defendant for not responding to his grievances. Def. Waldren's Reply at 3 n.1.

[9] An order consistent with this Memorandum Opinion has been issued.